## 13456. DANIELS *v.* THE STATE.

1. Under previous rulings of this court and rulings of the Supreme Court, that portion of the charge of the trial judge relative to good character, of which complaint is made, is without error when it is considered in connection with the remainder of the charge.
3. Although the evidence is rather weak and unsatisfactory, this court cannot say, as a matter of law, that there is not sufficient evidence to support the verdict.

DECIDED JULY 11, 1922.

Indictment for arson; from Lowndes superior court — Judge Thomas. February 8, 1922.

*Terry Hendricks,* for plaintiff in error.

*Clifford E. Hay, solicitor-general,* contra.

BLOODWORTH, J. Grounds 1 and 2 of the motion for a new trial are but amplifications of the general grounds.

1. Complaint is made that the court charged the jury as follows: " Evidence of good character of one on trial is always relevant and competent, and, in a case where good. character is plainly established, may of itself be sufficient to generate in the minds of the jury a reasonable doubt as to the defendant's guilt." It is alleged that this was error because it restricted the jury in its consideration of good character; that it was confusing to the jury and misleading, for the reason that they were thereby led to believe that good character was to be considered only in cases where the guilt of the defendant was not made plainly to appear, and that it failed to state the correct rule of law in the matter of good character. Immediately following the instruction quoted above the court charged: " Evidence as to good character, however, is to be taken and considered by the jury in connection with the evidence in its entirety, and if, upon considering the testimony as a whole, including that with respect to good character, the jury is still satisfied beyond a reasonable doubt of the defendant's guilt, then it is the duty of the jury to convict notwithstanding such proof of good character." Under previous rulings of this court and rulings of the Supreme Court, there is no error in the charge relative to good character, when the charge is considered in its entirety. *Hill* v. *State,* 18 *Ga. App.* 259 (89 S. E. 351) and cases cited. This court is bound by these decisions, but the writer, speaking for himself only, believes that in all criminal cases where there is evidence as to the good character of the accused,

the judge should charge the jury in substance that "proof of good character may of itself generate in the minds of the jury a reasonable doubt of the guilt of the accused," following this with the further instruction that "while this is true, if the proof is plain and convincing to the minds of the jury, satisfying their minds beyond a reasonable doubt of the guilt of the accused, then they are authorized to convict even though there may be proof of good character." In *Shropshire* v. *State,* 81 *Ga.* 589 (8 S. E. 450), the Supreme Court had before it a charge quite similar to the one given in this case, and said in reference thereto: "Good character is a substantive fact, like any other fact tending to establish the defendant's innocence, and ought to be so regarded by the court and jury. Like all other facts proved in the case, it should be weighed and estimated by the jury, for it may render that doubtful which otherwise would be clear. Of course if the guilt of the accused is plainly proved to the satisfaction of the jury, it is their duty to convict, notwithstanding proof of good character; but where the evidence is doubtful and conflicting, the importance of the character of the accused is increased. We think this is the meaning of the cases where this subject has heretofore been treated of by this court: *Epps* v. *State,* 19 *Ga.* 102; *Thomas* v. *State,* 59 *Ga.* 784; *Coxwell* v. *State,* 66 *Ga.* 309; *Jackson* v. *State,* 76 *Ga.* 551. We think the proper construction of these cases is, that where the guilt of the accused is made by proof to appear to the satisfaction of the jury, they are authorized to convict, regardless of the good character of the accused; but that the jury have a right to consider the good character of the defendant, not merely where his guilt is doubtful under the other testimony in the case, but where such testimony of good character may of itself generate this doubt. 'The old rule that evidence of good character of the accused is not to be considered by the jury, unless the other evidence leaves their mind in doubt, is no longer in force.'"

2. The accused was convicted of setting fire to an outhouse described in the indictment as a smoke-house. The record shows that there had been no fire about the smoke-house on the day of the burning "or shortly before;" that when the fire was discovered there was at the smokehouse a sack in which was some straw, and the sack and straw and the logs of the building were burning; the first witness who arrived testifying that the blaze was nearly as high

as his head and that he drew water and put out the fire. In addition to this, the jury had before it the fact that prior to the burning the accused made threats against the owner of the building; that just after the fire tracks, sworn to be those of the defendant, were found leading from a gate near his home to the smokehouse that was burned, and back, his conduct at the time of the fire, and his incriminating admissions after the burning. The evidence is sufficient to prove the corpus delicti, and while that which connects the accused with the commission of the crime is rather weak and unsatisfactory, yet this court cannot say as a matter of law that there is not sufficient evidence to support the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*