## 25304. WAGONER *v.* THE STATE.

DECIDED JANUARY 10, 1936.

*A. W. Vandiviere, J. G. Collins,* for plaintiff in error.
*Robert McMillan, solicitor-general,* contra.

GUERRY, J.   The defendant was indicted for assault with intent to murder.   The jury returned a verdict of shooting at another. Code of 1933, § 26-1702.   The defendant applied for a new trial, because: (1) The evidence did not support the verdict.   (2) The court erred in charging the jury as follows:  "It is the duty of the jury to take any evidence of general good character along with all the other facts and circumstances in the case; and if in doing so the jury should entertain a reasonable doubt as to the guilt of the defendant, they should acquit.   Nevertheless, if the jury should believe the defendant guilty beyond a reasonable doubt, it would be their duty to convict, notwithstanding evidence as to general good character."   This was assigned as error for the reason that it was (a) misleading and (b) instructed the jury that they "could consider evidence of good character in favor of defendant if other evidence did not show guilt but if other evidence did show guilt the jury should and must entirely disregard all evidence of good character."   (3) The court erred in charging the jury upon an "intent to kill," because (a) there was no evidence to authorize the charge; (b) the charge did not state that the burden was on the State to show specific intent to kill.   (4) The court erred in allowing the prosecutor to exhibit to the jury the wound on his leg, caused by the shot fired at him by defendant;

for the reason that the leg was swollen and black and looked like the leg and foot were "rotting or gangrened," and the exhibition of such "gruesome and offensive wound tended to inflame the minds of the jury and caused them to disregard defendant's rights and deprived him of a fair trial."

1. "Any person who shall be guilty of the offense of shooting at another, except in his own defense or under circumstances of justification [according to the principles of this Code], with a gun, pistol, or other instrument of like kind, shall be punished by confinement in the penitentiary not less than one nor more than four years." Code of 1933, §26-1702. The evidence amply warranted a finding that the defendant shot the prosecutor, not with intent to kill him, but not under circumstances of justification. When this appears under an indictment for assault with intent to murder, a conviction of shooting at another will be upheld. *Harris* v. *State,* 120 *Ga.* 167 (47 S. E. 520) ; *Wright* v. *State,* 168 *Ga.* 690 (148 S. E. 731).

2. The quoted charge, constituting defendant's second reason why a new trial should be granted to him was given in the following connection: "Gentlemen of the jury, the defendant in this case, as he had a right to do, places his character in issue; and I give you this rule of law in regard to that: In criminal cases, gentlemen, the defendant is allowed, if he sees fit, to offer evidence as to his general good character, and when such evidence is offered it is the duty of the jury to take that testimony along with all the other testimony and the statement of the defendant in determining the guilt or innocence of the defendant. Good character is a positive substantive fact, and may of itself be sufficient to generate in the minds of the jury a reasonable doubt as to the guilt of the defendant. It is the duty of the jury to take any evidence of general good character along with all other facts and circumstances in the case; and if in doing so the jury should entertain a reasonable doubt as to the guilt of the defendant, they should acquit. Nevertheless, if the jury should believe the defendant guilty beyond a reasonable doubt, it would be their duty to convict, notwithstanding evidence as to general good character." This charge is not subject to the criticism urged by defendant, but under the following decisions it is a correct statement of the principle involved. *Tooke* v. *State,* 25 *Ga. App.* 248 (102 S. E. 905) ; *McCullough* v.

*State,* 11 *Ga. App.* 612 (76 S. E. 393) ; *Stevenson* v. *State,* 83 *Ga.* 575 (10 S. E. 234) ; *Redd* v. *State,* 99 *Ga.* 210 (25 S. E. 268) , *Shropshire* v. *State,* 81 *Ga.* 589 (8 S. E. 450), reviewing and construing *Epps* v. *State,* 19 *Ga.* 102, *Thomas* v. *State,* 59 *Ga.* 784, *Coxwell* v. *State,* 66 *Ga.* 309, and *Jackson* v. *State,* 76 *Ga.* 551; *Seymour* v. *State,* 102 *Ga.* 803 (30 S. E. 263) ; *Thornton* v. *State,* 107 *Ga.* 683 (33 S. E. 673) ; *Daniels* v. *State,* 28 *Ga. App.* 721 (113 S. E. 109).

3. Under an indictment for assault with intent to murder, the jury, *if they do not believe that there existed any intent to kill,* may find the defendant guilty of shooting at another, if the facts do not show justification. If thus they find the defendant guilty of shooting at another, a complaint that the judge erred in charging upon an intent to kill, because there was no evidence to support such charge, and that the charge as thus given did not correctly charge the law, in that it did not inform the jury that the burden was upon the State to show an intent to kill, is obviously without merit. See *Callahan* v. *State,* 14 *Ga. App.* 442 (81 S. E. 380) ; *Yancey* v. *State,* 44 *Ga. App.* 302 (161 S. E. 278).

4. Where one was charged with assault with intent to murder, by shooting another in the leg with a pistol, it was not error, over objection that it was irrelevant, immaterial, and prejudicial, to allow the prosecutor to exhibit to the jury the wound in his leg, although it may have shown the horrible consequences of the shot.

5. The judge did not err in overruling the motion for new trial. *Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*