## 27087. GRIFFIN v. THE STATE.

Hawes, Justice. Eddie Griffin, Jr., was convicted of the offense of rape and of the offense of armed robbery. He was sentenced to life imprisonment on the rape conviction and to serve 5 years concurrently therewith on the armed robbery conviction. He made a motion for a new trial which was overruled and he appealed from the judgments and sentences imposed on each charge and from the overruling of his motion for a new trial.

1. Aside from the general grounds of his motion appellant argues only one question. He contends that the trial court erred in refusing to suppress evidence of one of the prosecuting witnesses in identifying him as the individual who perpetrated the armed robbery, and in thereafter refusing to strike the testimony of the same witness insofar as the same pertained to the identification of the defendant. Both of these contentions are based upon the contention that the person of the accused was exhibited to this witness while the accused was incarcerated in a jail cell and while his counsel was not present. Appellant relies principally upon the rules enunciated by the Supreme Court of the United States in United States v. Wade, 388 U. S. 218, and in Gilbert v. California, 388 U. S. 263. Appellant contends that under the rulings in those cases the in-court identification of the accused by the witness is per se excludable where the evidence shows that such in-court identification is tainted by an illegal line-up identification. Such is not the rule established by those cases, however. We quoted and applied the ruling of those cases in the recent case of *Butler v. State,* 226 Ga. 56 (1) (172 SE2d 399), where we said: "As was stated in United States v. Wade, 388 U. S. 218,

240, 241 (87 SC 1926, 18 LE2d 1140), 'Where, as here, the admissibility of evidence of the line-up identification itself is not involved, a per se rule of exclusion of court-room identification would be unjustified . . . We think it follows that the proper test to be applied in these situations is that quoted in Wong Sun v. United States, 371 U. S. 471, 488, "[W]hether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." Maguire, Evidence of Guilt, 221 (1959). See also Hoffa v. United States, 385 U. S. 293, 309. Application of this test in the present context requires consideration of various factors; for example, the prior opportunity to observe the alleged criminal act, the existence of any discrepancy between any pre-line-up description and the defendant's actual description, any identification prior to line-up of another person, the identification by picture of the defendant prior to the line-up, failure to identify the defendant on a prior occasion, and the lapse of time between the alleged act and the line-up identification. It is also relevant to consider those facts which, despite the absence of counsel, are disclosed concerning the conduct of the line-up.'" Applying that test to the evidence in this case, it is sufficient to say that the in-court identification of the accused by the witness which is here in question (the admissibility of evidence of the jail cell identification itself is not involved) was amply shown by the testimony of the witness to have been based upon his observation of the accused on the night on which the robbery occurred. Under cross examination he testified that he was able to get a good look at the accused by the light of the headlights on the witness' car at the scene of the robbery and kidnapping, and the witness several times while on cross examination repeated that his identification of the accused was based on his observations of him on that occasion and not the occasion when he viewed him in the

jail cell. No discrepancies in this witness' prior descriptions of the accused were shown. No prior failure or inability of the witness to identify the accused was shown. The time between the perpetration of the crime and the jail-cell identification was not more than eight or nine days. These circumstances were sufficient, when considered with the positive testimony of the witness to purge the in-court identification of the defendant by this witness of any primary taint, and the court did not err in refusing to exclude such evidence. See *Walker v. State,* 226 Ga. 292 (10) (174 SE2d 440); *Aiken v. State,* 226 Ga. 840, 846 (178 SE2d 202); and *Ford v. State,* 227 Ga. 279, 281 (180 SE2d 545).

2. The evidence was ample to support the verdicts of guilty on both charges. The evidence on behalf of the State tended to show that the victims of the crime, a young man and a 15-year-old girl were riding in an automobile along a lonely country road; that their automobile was passed by another which proceeded for a space of two or three city blocks ahead of them and was stopped in the middle of the road in such fashion as to block the passage of their automobile; that two occupants of the automobile which had stopped alighted, and when the young man approached to within 10 or 15 feet of the stopped automobile he stopped his automobile and alighted therefrom instructing the girl to lock the doors, which she did; that after inquiring of the young man as to whether he had a jack the two men who had alighted from the automobile which was blocking the way jumped him, one of them grabbing him around the neck and while choking him ordered him to direct the girl to alight from the car; that he refused, and the defendant, who had a pistol, went around to the right-hand side of the automobile, fired several shots into the ground, and then smashed the window with the butt of the pistol while one of his companions grabbed the left-hand door handle of the automobile and managed to open the door and dragged the girl out; that they took the money which the young man had,

amounting to about $5.00, his watch, and a ring from the girl, took a blanket from the automobile of the young man and locked him in the trunk of his car; that they forced the girl into the back seat of their car and drove with her a short distance away where they forced her out of the car and where she was forcibly raped in rapid succession by four or five of the men, including the defendant, and that she managed to escape from them when an automobile approached the spot where the rapes were being perpetrated, causing the assailants to flee from the scene. The trial court did not err in overruling the general grounds of the motion for a new trial.

*Judgments affirmed. All the Justices concur.*
SUBMITTED MARCH 13, 1972—DECIDED MAY 18, 1972.

*Calhoun & Kernaghan, William C. Calhoun,* for appellant.

*R. William Barton, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, David L. G. King, Jr., Dorothy Y. Kirkley, Assistant Attorneys General,* for appellee.