## 47543. HARPER v. THE STATE.

HALL, Presiding Judge. Defendant appeals from his conviction for aggravated assault. It appears that defendant's mother-in-law overheard an altercation between the defendant and her daughter and determined to take action. She entered their bedroom, hit defendant over the head with a spray can and forcibly ejected him into the back

yard. Unfortunately defendant had a pistol; so, holding him at bay with a barrage of rocks, she called for reinforcements. One of her sons appeared on the scene with a gun. Defendant fired three times. The first shot killed the brother-in-law. The next two are alleged as the aggravated assault upon the mother-in-law (who was still hurling rocks). Defendant testified under oath that he was shooting into the air to warn her off and that he was so close he could have hit her if he had intended to. She testified that he was pointing the pistol at her. Defendant was acquitted on the homicide charge but convicted for the assault.

1. The evidence supports the verdict. There is no reversible inconsistency between the two verdicts. The jury would have been authorized to find that the shooting of the brother-in-law was justified because he was armed, but that the mother-in-law's rocks did not pose such a threat of death or great injury to justify the defendant's use of a deadly weapon against her. See *Code Ann.* § 26-902.

2. Defendant contends the court erred in refusing to allow testimony concerning previous assaults made by the mother-in-law upon the defendant and other persons to show her character for violence and turbulence. This same issue was decided adversely in *Crawford v. State,* 124 Ga. App. 469 (184 SE2d 361).

3. Defendant also contends the court erred by instructing the jury that it could not convict for simple assault. He contends that simple assault is a lesser included offense of aggravated assault and that there was evidence the jury could have believed showing he did not have the more culpable mental state (intent to murder) required for the greater offense. He has overlooked, however, the fact that an assault becomes aggravated in two ways: when there is an intent to murder (or rape or rob) or when it is made with a deadly weapon, regardless of intent. *Code Ann.* § 26-1302. Under the facts here, the defendant either committed an aggravated assault or none

at all. There was no evidence of an attempt to commit an injury not involving the gun.

*Judgment affirmed. Pannell and Quillian, JJ., concur.*
SUBMITTED OCTOBER 3, 1972—DECIDED OCTOBER 18, 1972.

*Patton & Flinn, C. Ronald Patton,* for appellant.
*F. Larry Salmon, District Attorney,* for appellee.