## 49876. THE STATE v. SIEBERT.

Evans, Judge.

Defendant was indicted for aggravated assault by the grand jury of Fulton County. He attacks the indictment by motion to quash and asserts in substance: 1. The indictment charges "aggravated assault" and is fatally defective in that it fails to sufficiently charge "assault"; and there can not be a charge of *aggravated assault* unless it is sufficiently charged that there was an *assault,* all as set forth in Criminal Code §§ 26-1301 and 26-1302. 2. The indictment fails to sufficiently inform defendant of the nature and cause of the accusation against him, as required by the Sixth Amendment to the Constitution of the United States (Code §§ 1-805, 1-806 and 1-815). 3. The indictment is duplicitous in seeking to charge two separate offenses, to wit, *assault* and *battery,* in the same count. 4. The offense is one which may be committed in alternative ways and the indictment fails to state in which way he is alleged to have committed the offense.

Defendant's motion to quash was sustained, and the state appeals. *Held:*

1. Does the indictment *fail to sufficiently inform defendant of the nature and cause of the accusation;* does it *fail to state in which way defendant is alleged to have committed the offense?*

A reading of the charging language of the indictment clearly shows there is no merit in these two attacks by defendant. That language from the indictment is as follows: ". . . charge and accuse William R. Siebert with the offense of aggravated assault, for that the accused in the County of Fulton and State of Georgia, on the 15 day of November, 1973, *did unlawfully commit an assault upon one Delbert Anthony Head by shooting him with a pistol, the same being a deadly weapon . . .*" (Emphasis supplied.) If any defect inheres in the indictment, it is certainly not because of a failure to inform defendant of the nature and cause of the accusation; nor of the way in which defendant is alleged to have committed the offense. The issue in this respect is narrowly limited and confined. The state must prove defendant shot Head with a pistol. If the state's

evidence does not so prove, or if defendant proves he was justified under some rule of law, or that it was accidental, or that he was insane, the defendant should prevail when the case is tried before a jury.

An indictment is sufficient which charges the offense in the language of the statute, or so plainly that its nature may be easily understood by the jury. *Jackson v. State,* 76 Ga. 551 (13e); *Buchanan v. State,* 215 Ga. 791, 792 (113 SE2d 609). The statute as to aggravated assault is set forth in Code Ann. § 26-1302 as follows: "A person commits aggravated assault when he assaults . . . with intent to murder, to rape, or to rob, *or . . . with a deadly weapon.*" (Emphasis supplied.) Clearly, if it is charged that the defendant's assault was to murder, rape or rob, the *intent* to so do must be alleged; but if it is *an assault with a deadly weapon,* no intent need be alleged.

2. Defendant argues that there cannot be a legal charge of *aggravated assault,* unless the charge of *assault* is first made; and he erroneously argues that *assault* is defined in Code Ann. § 26-1301. Not so! Code Ann. § 26-1301 does not deal with *assault* alone, but deals with *simple assault;* and Code Ann. § 26-1302 deals with *aggravated assault.* These are the only two Code sections as to assault. While it is true that *aggravated assault* cannot be legally charged unless it is shown that there was an *assault* (a generic term covering all forms of assault), it is not true that there cannot be *aggravated assault,* as defined in Code Ann. § 26-1302, unless there is also charged *simple assault* as defined in Code Ann. § 26-1301. The terms "aggravated" and "simple" are antagonistic to each other, and the use of one negates the other. The entire burden of defendant's argument here is that all of the elements of Code Ann. § 26-1301 must be charged before *aggravated assault,* as defined in Code Ann. § 26-1302, is charged. This is simply an erroneous process of reasoning.

3. Defendant urges that the indictment charges him with two offenses, to wit, *assault,* and *battery.* Assault, as defined in Code Ann. § 26-1301 (actually *simple assault*) is not charged against defendant because it is alleged that he shot the victim with a pistol. It is not alleged that he *"attempts* to commit a violent injury on the person of

another, or commits an act which places another in *reasonable apprehension of immediately receiving a violent injury . . ."* (Emphasis supplied.) Defendant is not alleged to have "attempted"; he actually committed a violent injury on the victim; and the victim could not "reasonably apprehend receiving a violent injury"; as he was no doubt bleeding from the wound he had received, it being alleged that he had been shot.

The indictment proceeds in the language of Code Ann. § 26-1302 as to aggravated assault, and so long as this statute stands, the state may indict thereunder. No constitutional or other attack has been made on this statute.

4. The lower court erred in granting the motion to quash the indictment.

*Judgment reversed. Pannell, P. J., and Webb, J., concur in the judgment only.*

ARGUED NOVEMBER 5, 1974 — DECIDED JANUARY 7, 1975 — REHEARING DENIED JANUARY 28, 1975 — ▮▮▮▮▮▮

*Lewis R. Slaton, District Attorney, Carter Goode, Joel M. Feldman, Joseph J. Drolet, Assistant District Attorneys,* for appellant.

*Wm. Lewis Spearman,* for appellee.