## 51402. MOORE v. THE STATE.

STOLZ, Judge.

On November 7, 1974, an unidentified man shot and wounded the proprietor of a Fulton County grocery store. In connection with this incident, defendant Moore was arrested, indicted and tried for aggravated assault, for carrying a pistol without a license and for carrying a concealed weapon. Defendant appeals his conviction of the offenses charged.

1. At the trial, evidence was offered that the defendant's fingerprints matched those taken at the store on the day of the shooting. Furthermore, the evidence shows that two bystanders saw the defendant walk into the store, saw that he carried a gun, heard the gunshot, saw the man run out of the store and down the street and that these two witnesses identified the defendant as the person they had observed. Since the verdict was supported by the evidence and the law, it was not error to deny the defendant's motion for a new trial.

2. During cross examination of the defendant, the state inquired as to an alleged conversation with a third party about how easily the grocery store could be robbed. The defendant denied this and defense counsel objected to this question, pointing out that the defendant was being tried for aggravated assault, not robbery, nor assault with intent to rob. Although the court did not specifically rule on the objection, the district attorney withdrew the question, thereby eliminating the need for a ruling. No request for any corrective measures was made thereafter.

Pretermitting the question of admissibility, error must be harmful in order to be reversible. In the instant case, not only did the defendant deny having discussed robbery of the store, but also the district attorney withdrew the question. However, even if the defendant had been prejudiced by the jury's having heard the question and ensuing colloquy, he waived his right to assign this as error when he failed to request corrective measures to eliminate any bias remaining after the question had been withdrawn. Defense counsel's failure to request further relief authorized the judge to conclude that counsel was satisfied with the action taken. See

*Pritchard v. State,* 225 Ga. 690 (1) (171 SE2d 130);*Phillips v. State,* 230 Ga. 444 (1) (197 SE2d 720).

3. The defendant further enumerates as error the judge's charge on aggravated assault in the language of Code Ann. § 26-1302 without a supplementary charge defining assault, as found in Code Ann. § 26-1301. "While it is true that *aggravated assault* cannot be legally charged unless it is shown that there was an *assault* (a generic term covering all forms of assault), it is not true that there cannot be *aggravated assault,* as defined in Code Ann. § 26-1302, unless there is also charged *simple assault* as defined in Code Ann. § 26-1301." *State v. Siebert,* 133 Ga. App. 775 (2) (213 SE2d 7). This enumeration of error is without merit.

4. The defendant's uncorroborated testimony was that he had been in the victim's store earlier in the day, but had not returned, although he was in the immediate area of the store when first questioned and arrested by police. "It is well settled that where the evidence in support of the defense of alibi does not show the impossibility of the defendant's presence at the scene of the crime at the time of its commission, the failure of the court to charge the law of alibi, especially in the absence of a request for such a charge, is not error . . ." *Parrott v. State,* 133 Ga. App. 931 (3) (213 SE2d 77) and cits; *Wheeless v. State,* 135 Ga. App. 406 (6) (218 SE2d 88). The fourth enumeration of error is also without merit.

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

SUBMITTED OCTOBER 29, 1975 — DECIDED NOVEMBER 17, 1975.

*J. Douglas Willix,* for appellant.

*Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney,* for appellee.