## 50685. MIDDLEBROOKS v. THE STATE.

STOLZ, Judge.

The decision of this court in the present case reversing the judgment of the trial court (*Middlebrooks v. State,* 135 Ga. App. 411 (218 SE2d 110)) having been reversed by the Supreme Court (*State v. Middlebrooks,* 236 Ga. 52), our decision is hereby vacated and the judgment of the trial court is affirmed in accordance with the decision of the Supreme Court in this case.

*Judgment affirmed. Deen, P. J., concurs. Evans, J., concurs specially.*

DECIDED FEBRUARY 13, 1976.

*James C. Carr, Jr.,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.

EVANS, Judge, concurring specially.

In my opinion Judge Stolz' original opinion was absolutely correct. There he held that the City of Atlanta can not imprison a citizen, place him in its jail and in effect forget that he exists; give him no preliminary or commitment hearing, nor even tell him he is entitled to a lawyer or to such commitment hearing. Then when the state finds it convenient, it may indict and try him, despite the rights of the prisoner having been over-run and trampled under-foot as was done here.

These rights to that insignificant prisoner may not be important to us as judges, but when that sad day comes when one of us is faced with the same peril, they will loom on the horizon as the alpha and omega of all justice. I, therefore, handcuffed by the Supreme Court's decision, but unwillingly, feel coerced into agreeing to make the judgment of the Supreme Court as our judgment, feeling it to be wrong both inside and outside.