### 50620. HIGHTOWER v. THE STATE.

DEEN, Presiding Judge.

1. Our prior opinion in this case (*Hightower v. State,* 135 Ga. App. 92 (217 SE2d 325) having been reversed by the Supreme Court (236 Ga. 58 (222 SE2d 333)) is vacated and withdrawn. In accordance with the mandate of the Supreme Court we hold that the record shows no demonstrable harm to have resulted from either the delay in holding the commitment hearing or the failure to have counsel representing the defendant at the hearing. No demand for trial was made in accordance with Code § 27-1901. The question of violation of the defendant's Sixth Amendment right to a speedy trial is also urged, and as stated in *Sanders v. State,* 132 Ga. App. 580, 582 (208 SE2d 597) the court must consider in such cases the length of delay, the reason for delay (was it purposeful, oppressive, or unreasonable?), the defendant's assertion of his rights, and resulting prejudice. As to the first of these, the defendant was tried within four months from his arrest; *Sanders* held that an eight-month period was not sufficient to constitute a denial of due process where there was no showing that the delay was purposeful. The delay here was mainly between arrest and commitment, and this appears to have been in large measure due to the fact that the victim was in the hospital. The Supreme Court has held that the record shows no prejudice to the defendant from absence of counsel, to which absence must be ascribed the failure of the defendant sooner to assert his right to commitment, indictment, and trial (or to effect a waiver of the commitment hearing). Trial was actually held at the beginning of the term following the term at which the defendant was indicted. We thus find no violation of Sixth Amendment rights sufficient to result in quashing the indictment in this case.

2. When the case was called for trial the defendant's attorney moved for a continuance on the basis that he had been unable to locate his client following the commitment hearing. A delay of a few hours was apparently granted. The reason why the attorney had failed to locate the defendant at home was given by him as follows: "A bond was set and he went back to jail to have a bondsman come and get him out. And the bondsman told him a hold had been placed on him by the Probation Department. . . apparently that was a mistake and the Probation Department said it was a mistake, yet they didn't notify the bondsman." After various rather confusing statements by the attorneys, the court continued the case to 1:00 p.m., stating: "And I will reconsider a motion if you have one at that time, at 1:00 o'clock." At that time the court asked if the defendant was ready to proceed in the aggravated assault case (there being two cases on the docket), and the attorney replied: "In the aggravated assault case, yes, your Honor." The defendant having agreed to go forward with the case at bar cannot now complain that the judge took him at his word.

3. Where the indictment charges a defendant with aggravated assault as a result of allegedly shooting the victim in the legs, it is not error for the judge, in his discretion, to allow the victim to exhibit the leg wound to the jury. *Wagoner v. State,* 52 Ga. App. 379 (4) (183 SE 209).

4. There is no error in the court failing to direct a mistrial when no motion to that effect was urged. Certain testimony was objected to as "irrelevant," and the objection sustained. Had the defendant desired further corrective action, this should have been made known to the court.

5. Cooper, the victim, testified he had known the defendant for five or six years. There was no error in exhibiting three photographs to him from among which that of the defendant was in fact identified by him. *Cash v. State,* 231 Ga. 285 (3) (201 SE2d 625); *Griffin v. State,* 229 Ga. 165 (1) (190 SE2d 61).

6. Where the assault is committed with a gun (a deadly weapon) simple assault is not a "lesser included offense." Code § 26-1302; *Harper v. State,* 127 Ga. App.

359, 360 (3) (193 SE2d 259).

7. There being direct eyewitness testimony as to the firing of the shots at the victim by the defendant, it was error to fail to charge either on circumstantial evidence, or on "mere presence" as insufficient to sustain a conviction. Further, no requests for such instructions were made.

*Judgment affirmed. Stolz, J., concurs. Evans, J., concurs specially.*

ARGUED APRIL 30, 1975 — DECIDED FEBRUARY 26, 1976.

*Robert M. Coker,* for appellant.

*Lewis R. Slaton, District Attorney, Jack Mallard, Carole E. Wall, Joseph J. Drolet, Assistant District Attorneys,* for appellee.

EVANS, Judge, concurring specially.

The Supreme Court has reversed our decision in this case and its decision (mandate) is before us in order that we may make the judgment of that court the judgment of our court.

I concur specially for the same reasons as stated in *Middlebrooks v. State,* 137 Ga. App. 596. In the case sub judice, Hightower spent 45 days in jail awaiting commitment hearing, a total of 85 days before trial, and was first provided counsel more than a month after the commitment hearing. No doubt the defendant's constitutional rights were "over-run and trampled under foot," and the presumption arises that they have been violated with the burden upon the state to show waiver or estoppel, if any. See *Middlebrooks v. State,* supra.

Our original opinion was right, and no matter how distasteful, we are coerced into agreeing to make the judgment of the Supreme Court our judgment, and, accordingly, I concur in the judgment making the judgment of the Supreme Court the judgment of our court.

I am authorized to state that Judge Stolz joins in this special concurrence.