## 52343. SMITH v. THE STATE.

STOLZ, Judge.

The defendant appeals from his conviction of 3 counts of aggravated assault.

1. The trial judge gave the following instruction to the jury: "Now, as to each of the four counts of this indictment, the charge against this defendant is Aggravated Assault With A Deadly Weapon, and, in that connection, I charge you that Code Section 26-1302 of our Criminal Code provides: 'That a person commits Aggravated Assault when he assaults another with a deadly weapon.'

"Now there are certain ingredients in this offense which must be found by you to exist before you can convict this defendant of the offense.

"There must be an assault, which is defined as either an attempt to commit a violent injury to the person of another, or the commission of an act which places another in reasonable apprehension of immediately receiving a violent injury, and this assault must be committed with a deadly weapon; that is, an instrument which, in the manner it is used at the time, is a weapon likely to kill. Before you could justify a conviction of the offense of Aggravated Assault with a deadly weapon you must believe beyond a reasonable doubt that each of these ingredients did exist at the time of the alleged assault."

The instruction given was correct. The offense of

aggravated assault has two essential elements: (1) that an assault (as defined in Code § 26-1301 (Ga. L. 1968, pp. 1249, 1280)) was committed on the victim; and (2) that it was aggravated by (a) an intention to murder, to rape, or to rob, or (b) use of a deadly weapon as provided in Code § 26-1302. The term "assault" is a legal word of art and its meaning must be explained to the jury by the judge. A simple assault or assault (synonymous terms), is necessarily a lesser included offense of the greater crime of aggravated assault and is an essential part thereof. As it is required in every criminal case for the trial judge to instruct the jury on each of the essential elements of the crime alleged in the indictment, it necessarily follows that in every case of aggravated assault the essential element of simple assault must be stated in defining aggravated assault. But this does not mean that the court should authorize the jury to enter a verdict for the lesser crime in every case. Properly instructing on the essential elements of the crime charged in the indictment is a separate and distinct thing from instructing the jury that it may enter a verdict for the lesser included crime if it finds that the evidence required conviction for the lesser offense rather than the greater. In *Harper v. State,* 127 Ga. App. 359 (193 SE2d 259), the evidence permitted only one of two verdicts — not guilty or guilty of aggravated assault. There a conviction for simple assault was not raised by the evidence and the trial judge was properly affirmed in not allowing conviction for it as an alternative verdict. In *Hightower v. State,* 137 Ga. App. 790 (6) (224 SE2d 842), by citing *Harper* we held this although we confess our language was too broad. The cases of *State v. Siebert,* 133 Ga. App. 775 (2) (213 SE2d 7) and *Moore v. State,* 136 Ga. App. 581 (3) (222 SE2d 134) (which followed *Siebert*) contain contrary holdings and these two cases are expressly overruled.

2. The trial judge did not abuse his discretion in limiting the defendant's cross examination of the witnesses whom the defendant was charged with assaulting, to crimes of moral turpitude, since it is not shown that other types of crime were committed by these witnesses. Furthermore, such limitation did not hamper the defendant's defense of self-defense, since crimes not

involving moral turpitude usually would not indicate an aggressive, violent and turbulent character, which is what the defendant was seeking to prove.

*Judgment affirmed. Bell, C. J., Deen, P. J., Quillian, P. J., Clark, Webb, Marshall, McMurray and Smith, JJ., concur.*

ARGUED JULY 12, 1976 — DECIDED NOVEMBER 10, 1976.

*James I. Wood,* for appellant.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., Charles H. Weston, Assistant District Attorneys,* for appellee.