## 59924. BUNDREN v. THE STATE.

BANKE, Judge.

The appellant was convicted of aggravated assault upon a peace officer engaged in the performance of his official duties and was sentenced to 15 years' imprisonment. See Code Ann. § 26-1302. He appeals the denial of his motion for new trial.

The officer, a state patrolman, testified that while on routine patrol he gave chase to a speeding vehicle occupied by the appellant and two other persons and that the appellant leaned out of the window during the chase and shot at him with a handgun. The officer stated that the shooting took place just as they were crossing the Whitfield-Catoosa County line and that he brought the car to a stop about a mile or a mile and a half inside Catoosa County. The arrest and the prosecution both took place in Catoosa County. *Held:*

1. The appellant attacks the following language in the court's charge on venue: "If a crime is committed on or immediately adjacent to the boundary line between two counties, the crime shall be considered as having been committed in either county. If a crime is committed upon any vehicle traveling within this state and it cannot readily be determined in which county the crime was committed, the crime shall be considered as having been committed in any county in which such crime could have been committed through which such vehicle has traveled. If in any case it cannot be determined in what county a crime was committed, it shall be considered to have been committed in any county in which the evidence shows beyond a reasonable doubt that it might have been committed." This language tracks Code Ann. § 26-302 (b), (e), and (h) and is accordingly a correct statement of the law. Accord, *Maddox v. State,* 145 Ga. App. 363 (4)

(243 SE2d 740) (1978). The appellant contends, however, that the language is in conflict with the state constitutional provision requiring criminal cases to be tried in the county in which they are committed. See Const. of 1976, Art. VI, Sec. XIV, Par. VI (Code Ann. § 2-4306). We cannot consider this issue because (1) it was not raised below, during or pending the trial, and (2) the constitutionality of a statute is a matter reserved on appeal to the jurisdiction of the Supreme Court. See *Corbin v. State,* 212 Ga. 231 (7a) (91 SE2d 764) (1956).

2. The appellant contends that the trial court erred in omitting from its charge on aggravated assault a definition of simple assault. It has been held, however, that no such definition is necessary. See *Sutton v. State,* 245 Ga. 192 (2) (264 SE2d 184) (1980); *State v. Siebert,* 133 Ga. App. 775 (2) (213 SE2d 7) (1975).

3. The appellant contends that the trial court erred in failing to charge the jury that in order to find him guilty of aggravated assault upon a peace officer they must first find that he knew the person he was shooting at was a peace officer. There was evidence that the appellant was intoxicated at the time of his arrest, and he asserts that it is "highly likely" that given a proper charge on the issue the jury would have concluded that "he did not possess the capability to know that he was firing a pistol in the direction of a peace officer." However, Code Ann. § 26-1302 does not establish "aggravated assault upon a police officer," as a separate crime with elements different from the offense of aggravated assault. It merely increases the punishment for aggravated assault when the victim is shown to be a peace officer engaged in the performance of his official duties. See *Murphy v. State,* 146 Ga. App. 721, 725 (5) (247 SE2d 186) (1978). On this issue, there was no dispute at trial. This enumeration of error is accordingly without merit.

4. There was no error in excluding the results of a polygraph test which the appellant sought to introduce as evidence of his innocence. While polygraph results are admissible pursuant to stipulation by the defense and the state (see *State v. Chambers,* 240 Ga. 76 (239 SE2d 324) (1977); *Ross v. State,* 245 Ga. 173 (1) (263 SE2d 913) (1980)), they have not been held admissible in the absence of such a stipulation.

5. The appellant's final contention is that the trial court committed reversible error in calling upon him to make a tactical decision in the absence of his trial attorney, who failed to appear on the second day of trial. The tactical decision was to allow the case to be recessed until the next day rather than have a mistrial declared. Despite the argument advanced by appellant's counsel on appeal that "it is sheer sophistry to maintain that appellant was not

prejudiced in the eyes of [the] jury" by grant of the one-day recess, we do not see how any prejudice could have occurred. Neither did the appellant's trial counsel, apparently, for he did not move for a mistrial when court reconvened on the following day. This enumeration of error is also without merit.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

SUBMITTED MAY 8, 1980 — DECIDED JUNE 18, 1980 — REHEARING DENIED JULY 14, 1980 — 

*Neil Wester,* for appellant.
*William M. Campbell, District Attorney,* for appellee.