## 60778. GRAY v. THE STATE.

SOGNIER, Judge.

Appellant, Barry Evans Gray, entered a plea of guilty to a charge of burglary. After a hearing, the plea of guilty was accepted by the court. Appellant now contends that his trial counsel "rendered ineffective assistance in advising that appellant would have opportunity to withdraw the plea *after* the sentence was announced."

When the court announced the sentence, appellant sought to withdraw his plea as indicated by the following dialogue:

"Mr. Davis: If it please the Court, I respectfully submit this to the Court, the Defendant has just stated to me that he would like very much to withdraw his plea.

"The Court: Well, I've already filed it with the clerk, Mr. Davis; it's already been signed and filed with the clerk. So he can't withdraw the plea . . .

"Mr. Davis: May I make one further statement for the record?

"The Court: Yes, you may.

"Mr. Davis: Before the Defendant entered his plea, he asked me, as his attorney, if he could withdraw a plea, his plea, before the sentence was signed. I told him that he could. At the time I understood the Court to pronounce the sentence, he stated that he wanted to withdraw it. At that time the Court had a paper in front of it; I was not aware, of course, of what paper the Court had in front of it. But in the twinkling of an eye, it was signed before I could utter the wishes of the Defendant.

"The Court: That's right.

"Mr. Davis: And so I just wanted the . . .

"Mr. Davis: . . . want the record to show that."

The trial attorney correctly advised his client as to the law at the time, and in addition, took every step to assist his client. We find no ineffective representation under the standards set forth by our Supreme Court in *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) (1974). The chronology of events shows clearly that the sentence was signed and handed to the clerk before appellant's request to withdraw his plea of guilty was made known to the court. The *right* to withdraw a plea of guilty ceases after sentence is entered. Code Ann. § 27-1404. *Conlogue v. State,* 243 Ga. 141 (1) (253 SE2d 168) (1979) was the law applicable at the time of trial. That law has now been modified by *State v. Germany,* 246 Ga. 455 (271 SE2d 851) (1980). However, we see no duty on counsel to anticipate this type change in the law. Appellant's enumeration of error is without merit.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 16, 1981 —
REHEARING DENIED MARCH 4, 1981.

*Randall M. Clark,* for appellant.
*Glenn Thomas, Jr., District Attorney,* for appellee.