## 61477. ZACHERY v. THE STATE.

BIRDSONG, Judge.

Zachery appeals from a conviction of assault, intent to rob. *Held:*

1. The jury was authorized to find beyond a reasonable doubt from the evidence that Zachery went to a Church's Fried Chicken Restaurant on Bankhead Highway and told the take-out cashier to

give him all the money out of the two cash register drawers. At the same time he reached his left hand inside his jacket under his right arm and exhibited to the clerk a gun in a shoulder holster. He pulled the gun part way out of the holster so that the clerk could see it. As she was removing money from the cash drawers, two stake-out policemen behind a one-way mirror saw Zachery behave in a nervous, suspicious manner and concluded that a robbery was in progress. One of the officers saw Zachery pull out or exhibit a gun. Zachery's defense was that he never intended to rob the store; rather that he had the gun because a friend had asked him to return it to another man, and that he had placed his money in the gun holster; that as he reached in the holster to get his money so as to buy some chicken, he looked up and saw the clerk putting money into a paper bag.

The determination of fact and credibility is for the jury. On appeal of a conviction, the appellant is no longer entitled to a presumption of innocence, and this court looks only to determine whether a rational trier of fact could have found guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). The verdict in this case is authorized according to that standard, and is not subject to attack on the general grounds. The trial court did not err in denying a new trial.

2. The trial court did not err in refusing appellant's motion for mistrial based on an impermissible question put to appellant concerning his post-arrest silence. After the appellant gave his version of the episode, the prosecutor asked: "When is the first time you ever told anybody that?" If this question was an impermissible reference to the defendant's silence after arrest (see Doyle v. Ohio, 426 U. S. 610, 619 (96 SC 2240, 49 LE2d 91); *Howard v. State,* 237 Ga. 471, 473 (228 SE2d 860); *Lowe v. State,* 136 Ga. App. 631, 636 (222 SE2d 50)), it was not prejudicial or harmful. *Smith v. State,* 140 Ga. App. 385, 388, 389 (231 SE2d 83). Pursuit of the question was not permitted as being improper and the appellant did not answer the question; the question was ordered stricken from the record and the jury was instructed to cast it from their minds and draw no inference from it. The trial court expressly advised the jury that the defendant has a constitutional right to remain silent and that no inference may be drawn from any silence, nor could his silence be used against him. The error, if it was one, was therefore neither harmful nor prejudicial. *Smith* supra.

3. The trial court did not err in failing to charge the full definition of assault. It is not necessary to define or explain "assault" in charging "aggravated assault." *Bundren v. State,* 155 Ga. App. 265, 266 (2) (270 SE2d 807). The appellant did not request such a charge. Moreover, there is no suggestion that appellant was entitled to the

charge of simple assault (Code Ann. § 26-1301) as a lesser included offense of aggravated assault, since under the evidence the appellant either committed aggravated assault with intent to rob, or he merely asked for some fried chicken and reached into his shoulder holster to get his money. See *Sheffield v. State,* 124 Ga. App. 295 (183 SE2d 525). In such circumstances, we think a definition of simple assault could be confusing and misleading to the jury. In fact the meaning of "assault" in aggravated assault is not at all equivalent to the definition of simple assault at Code Ann. § 26-1301. They are two different offenses and one is not necessarily explanatory of the other merely because the same word is used in each. Where the assault is committed with a gun (a deadly weapon), simple assault is not a "lesser included offense." Code Ann. § 26-1302; *Hightower v. State,* 137 Ga. App. 790, 791 (6) (224 SE2d 842); *Harper v. State,* 127 Ga. App. 359, 360 (3) (193 SE2d 259).

4. Finally, we do not find that the appellant was denied his right to a thorough and sifting cross examination. The trial court merely restrained defense counsel from demanding to know which of the two sworn versions of the store clerk's testimony she "would like the jury to believe." This form of questioning was indeed argumentative and the trial judge was within his discretion to disapprove it. The appellant in fact was not denied a thorough cross examination, for the proper form of the intended question was finally admitted, and the witness answered it.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED MAY 4, 1981.

*Lawrence L. Washburn III,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Thomas W. Hayes, H. Allen Moye, Assistant District Attorneys,* for appellee.