## 61978. CRAFT v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted, tried, and convicted of the offense of aggravated assault on a peace officer, that is, while the officer was engaged in the performance of his official duties, by driving a motor vehicle at the officer, thereby attempting to strike said officer with the automobile, a deadly weapon. He was sentenced to serve a term of 20 years (4 years in the penitentiary with the remainder of 16 years on probation). Defendant's motion for new trial was filed and denied, and defendant appeals. *Held:*

1. Defendant contends that the evidence was insufficient to support the verdict in that there was a lack of evidence that the police

officer was injured, yet there was evidence from which the jury could have determined that the defendant had attempted to strike the police officer with the automobile after a police chase had ended, the defendant contending he remembered nothing about the incident and that the police vehicle hit his motor vehicle. In consideration of the sufficiency of the evidence to support the verdict of guilty here raised by the general grounds of the motion for new trial and by the first enumeration of error, and after a careful review of the entire record and transcript, we find and so hold that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of guilt of the defendant beyond a reasonable doubt of the offense of aggravated assault upon a police officer. See *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628); *Jones v. State,* 154 Ga. App. 806, 807 (1) (270 SE2d 201); *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 920). There is no merit in this complaint.

2. Error is enumerated to the charge that the trial court erred in failing to instruct the jury as to the meaning of assault, citing *Smith v. State,* 140 Ga. App. 395, 396 (231 SE2d 143). While the *Smith* case did clearly define an assault, nevertheless it is not a holding that such charge was required. It is a word of common knowledge to the jury and need not be given to make the charge of aggravated assault complete. See *Sutton v. State,* 245 Ga. 192, 193 (264 SE2d 184); *Sanders v. State,* 156 Ga. App. 44 (1) (274 SE2d 88). Further there was no written request to charge, and the charge as a whole was sufficient in instructing the jury as to the basic law.

3. As stated above the trial court did not err in failing to charge, without request, that the jury must consider the use of the automobile under the circumstances of the particular case. The court fully charged on the definition of a deadly weapon and there is no merit in this complaint. As was stated in such cases as *Chafin v. State,* 154 Ga. App. 122, 123 (5) (267 SE2d 625); *Quarles v. State,* 130 Ga. App. 756 (2) (204 SE2d 467); *Finch v. State,* 98 Ga. App. 480 (106 SE2d 86); *Wright v. State,* 168 Ga. 690, 694 (148 SE 731), *Williams v. State,* 127 Ga. App. 386 (193 SE2d 633), just as was the case in these cases as to use of hands, fists, or shoe-clad feet, a motor vehicle is not per se a deadly weapon. Nevertheless, a jury may find same to be a deadly weapon depending on the manner and means of its use. Here the trial court fully charged that an instrument may be shown to be a weapon likely to produce death by direct proof as to the character of the weapon or by other evidence such as would warrant the jury in finding that the instrument was one calculated to produce death. There is no merit in this complaint.

4. A charge on circumstantial evidence is demanded only when

the case is wholly dependent thereon. See *Hudson v. State,* 127 Ga. App. 452, 453 (2) (193 SE2d 919). Here there was direct evidence (eyewitness testimony) that the defendant had rammed the patrol car and that he then drove the motor vehicle straight at the police officer. Under the circumstances here no charge on circumstantial evidence was necessary.

5. Error is enumerated that the trial court should have charged the jury that intent to injure is an essential element of aggravated assault. Again there was no written request for such charge. It is noted that the trial court charged to the jury the provisions of Code Ann. §§ 26-601 (definition of a crime) and 26-605 (intention a question of fact) (Ga. L. 1968, pp. 1249, 1269), as well as "intent is an essential element of any crime and must be proved by the state beyond a reasonable doubt." An assault now is not only an attempt to commit violent injury but "an act which places another in reasonable apprehension of immediately receiving a violent injury." Code Ann. § 26-1301 (Ga. L. 1968, pp. 1249, 1280). If an assault is committed "with a deadly weapon" and "upon a police officer while such police officer is engaged in or on account of the performance of his official duties," same amounts to an aggravated assault upon a police officer. See Code Ann. § 26-1302 (Ga. L. 1968, pp. 1249, 1280; 1976, p. 543), and *Harper v. State,* 127 Ga. App. 359, 360 (3) (193 SE2d 259). Compare the recent case of *Bundren v. State,* 247 Ga. 180 (274 SE2d 455) (1981), reversing s.c. 155 Ga. App. 265 (270 SE2d 807), in which that defendant enumerated as error the trial court's failure to charge the jury that in order to find him guilty of aggravated assault upon a peace officer they must find that he knew the person was a peace officer. In the case sub judice no such enumeration of error was presented on appeal as in *Bundren,* supra.

6. During examination of a state's witness, testimony was given concerning the witness' opinion as to the motive behind the defendant's actions. Objection was made that the officer had given a conclusion as to what somebody else's intent might have been. The trial court did not specifically rule on the objection as the district attorney in effect withdrew the question by stating that he did not insist on it and he would go on further and lay a bit of foundation for same. Thereafter, there was no request for any corrective measures nor to obtain a ruling from the trial court; hence it can be said that defense counsel's failure to request further relief or ruling authorized the judge to conclude counsel was satisfied with the withdrawal by state's counsel who stated, "I don't insist on it." *Moore v. State,* 136 Ga. App. 581 (2) (222 SE2d 134). There is no merit in this complaint.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED JUNE 4, 1981 —

*Jefferson W. Willis,* for appellant.

*Jeff C. Wayne, District Attorney, Thomas M. Cole, Assistant District Attorney,* for appellee.