73006. SAVAGE v. THE STATE.
(351 SE2d 519)

McMURRAY, Presiding Judge.

Defendant was convicted of two counts of aggravated assault and (following a bifurcated trial) possession of a firearm by a convicted felon. He appeals, enumerating error upon the general grounds and the admission of hearsay evidence. *Held*:

1. One of the victims, Georgia Newton, testified that she lived with the other victim, Richard Poole and that she and Richard Poole were "boyfriend and girl friend." She further testified that on the night in question defendant was involved in an altercation with Richard Poole and that the altercation took place at the victims' house. Ms. Newton related in her testimony at trial that the police arrived and asked defendant to leave; that defendant left at that time but returned 20 minutes later; that when defendant returned, she was going down the street to make a telephone call; that defendant approached her, reached in his shirt, and pulled out a gun; that defendant began firing the gun and she started running; that she was hit in the left leg and could no longer move; that Richard Poole came out of the house and she told him to run back in the house; that when Poole turned around he was shot; and, that the shot which hit Poole came from the same area where defendant was standing. One of the policemen who spoke with defendant following defendant's altercation with

Poole arrived on the scene shortly after the shooting. He testified that as he turned down the street he saw Ms. Newton lying in the road with an individual standing over her; that the individual was a male with a build comparable to that of defendant; and that the individual wore clothing similar to that worn earlier by defendant. Viewing the evidence in the light favorable to the verdict, as we are required to do, we deem it sufficient to enable any rational trier of fact to find defendant guilty of the crimes charged beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. "[A] trial judge's determination that evidence offered as part of the *res gestae* is sufficiently informative and reliable as to warrant being considered by the jury will not be disturbed on appeal unless that determination is clearly erroneous." *Andrews v. State*, 249 Ga. 223, 228 (290 SE2d 71). It cannot be said that the trial judge clearly erred in permitting the policeman to testify that when he came upon Ms. Newton lying in the street and asked her what happened she replied that defendant shot her. *Hutter v. State*, 166 Ga. App. 608 (2) (305 SE2d 124) (rev'd on other grounds, *State v. Hutter*, 251 Ga. 615 (307 SE2d 910)); *Henry v. State*, 176 Ga. App. 462, 463 (3) (336 SE2d 588).

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED DECEMBER 3, 1986.

*Susan C. Janowski*, for appellant.
*Harry D. Dixon, Jr., District Attorney, Richard E. Currie, Assistant District Attorney*, for appellee.