75760, 75884. SPAULDING v. THE STATE (two cases).

(366 SE2d 174)

Pope, Judge.

*Case No. 75760*

Defendant was charged via a six-count indictment with four counts of aggravated assault on a peace officer (Counts One-Four), aggravated assault (Count Five) and simple battery (Count Six). The jury found defendant guilty of Count One, not guilty of Counts Two and Three, guilty of the lesser offense of simple assault on Counts Four and Five and guilty of simple battery on Count Six.

1. Defendant challenges the sufficiency of the evidence on his conviction of aggravated assault of a peace officer. Construed so as to support the verdict, the evidence adduced at trial showed the following: At approximately midnight on August 30, 1986 defendant decided to pay an uninvited, unannounced visit to his former wife, Sara Doke. When Doke, hearing a ruckus at her back door, went to investigate, defendant broke through the door and struck Doke in the head. He then turned his attention to Doke's male visitor, straddling him on the floor, posing a lamp over his head and kicking him in the eye. At this point Doke's brother intervened and convinced defendant to go outside. Responding to calls by both Doke's visitor and brother, officers of the Brunswick Police Department also began to arrive. One of these officers (Officer Butts) approached defendant in an attempt to ascertain what was going on; however, defendant ignored the officer's request for information and continued walking towards his truck. Defendant and Officer Butts then struggled for defendant's truck keys, but defendant overpowered the officer. Observing Officer Butts' failed attempts to stop defendant, Officer Stewart jumped on the side of defendant's truck and advised defendant he was a police officer and told him to stop his truck. Defendant advised Officer Stewart that he did not "give a goddamned who you are, get off of my truck," and started driving away with both officers hanging on to the sides of the truck. Apparently possessing a stronger self-preservation instinct, Officer Butts pushed himself free of the truck. Defendant continued to accelerate and Officer Stewart continued trying to get him to stop by both verbal requests and attempts to reach inside the truck and grab the keys or gear shift. Officer Stewart further testified that defendant then "started weaving the truck back and forth, trying to shake me off . . . ," and again ordered Officer Stewart off his truck. When Officer Stewart advised him that he would get off if defendant would stop the truck, defendant slammed on the brakes, throwing Officer Stewart into the door of the truck, and then immediately re-accelerated, driving with one hand and pushing the officer's face away

from the truck with the other, ultimately pushing Officer Stewart off the truck. Following a high-speed chase involving both Brunswick and Glynn County law enforcement officials, defendant was apprehended and placed under arrest.

On appeal, defendant argues that the evidence showed neither an assault on Officer Stewart nor that he used his pickup truck in a manner likely to result in serious bodily injury. "A person commits the offense of aggravated assault when he assaults: . . . (2) . . . with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-21. Although an automobile is not per se a deadly or offensive weapon, it may become one depending on the manner and means of the vehicle's use. *Blalock v. State*, 165 Ga. App. 269, 270 (299 SE2d 753) (1983). The question of whether an automobile, or other instrumentality, has been used so as to constitute a deadly or offensive weapon is properly for the jury's determination. *Banks v. State*, 169 Ga. App. 571, 572 (314 SE2d 235) (1984); *Quarles v. State*, 130 Ga. App. 756 (2) (204 SE2d 467) (1974). The evidence here was sufficient to enable any rational trier of fact to find the defendant guilty of the offense of aggravated assault of a peace officer beyond a reasonable doubt. E.g., *Savage v. State*, 181 Ga. App. 129 (1) (351 SE2d 519) (1986); *McWilliams v. State*, 172 Ga. App. 55 (1) (322 SE2d 87) (1984).

2. Defendant, citing *Smith v. State*, 140 Ga. App. 395 (231 SE2d 143) (1976) also contends that the trial court erred in defining aggravated assault because the trial court failed to charge that the jury must first find that a simple assault was committed. "This assertion has been decided by the Supreme Court adversely to [defendant]. 'There is no merit in [defendant's] contention that a charge on simple assault (OCGA § 16-5-20 . . .) must be given in order to complete the definition of aggravated assault. (OCGA § 16-5-21 . . .). The latter does not need the former to make it complete. (Cit.)' *Sutton v. State*, 245 Ga. 192, 193 (2) (264 SE2d 184) (1980)." *Willis v. State*, 167 Ga. App. 626 (307 SE2d 133) (1983); *Craft v. State*, 158 Ga. App. 745 (2) (278 SE2d 457) (1981); *Quong v. State*, 157 Ga. App. 532 (2) (278 SE2d 122) (1981). "Further there was no written request to charge [aggravated assault], and the charge as a whole was sufficient in instructing the jury as to the basic law." *Craft*, supra at 746.

3. Defendant next contends that the trial court erred in allowing one of the officers involved in the vehicular chase of defendant to testify that he heard "the call [go] out that the city was involved in a high speed chase with a burglary suspect and they had an officer down." The transcript shows that when this testimony was offered at trial, defendant interposed a hearsay objection which was overruled by the trial court on the basis that such testimony, although hearsay,

was admissible to show the officer's motive and conduct. Although defendant voiced no further objection at that time, he now argues that the testimony was inadmissible for that purpose. "Inasmuch as this ground was not presented to the trial court, there is nothing for this court to review. *Mullins v. State*, 176 Ga. App. 439 (1) (336 SE2d 343) (1985)." *Cichetti v. State*, 181 Ga. App. 272, 274 (351 SE2d 707) (1986). Moreover, since the testimony was merely cumulative of other admissible evidence concerning the events alluded to by the witness, the error, if any, in the admission of the testimony was harmless. Accordingly, this enumeration is without merit. *Glenn v. State*, 255 Ga. 533 (3) (340 SE2d 609) (1986); *Smith v. State*, 180 Ga. App. 620 (1) (349 SE2d 754) (1986).

4. Lastly, defendant assigns error to the trial court's charge on flight and argues that said charge should have been specifically directed to Counts Five and Six of the indictment. "Where the defendant departs the scene immediately after the incident, it is not error to charge on the issue of flight of the defendant. It is for the jury to determine if his sudden departure was due to consciousness of guilt or other reasons." *Lockette v. State*, 181 Ga. App. 649 (1) (353 SE2d 585) (1987); *Carter v. State*, 180 Ga. App. 269 (2) (349 SE2d 19) (1986); *Hood v. State*, 179 Ga. App. 387 (5) (346 SE2d 867) (1986); *Camp v. State*, 166 Ga. App. 208 (8) (303 SE2d 540) (1983); *Goodrum v. State*, 158 Ga. App. 602 (5) (281 SE2d 254) (1981). Hence, this enumeration also affords no basis for reversal.

*Case No. 75884*

As the foregoing decision renders unnecessary our consideration of Appeal No. 75884, which, was transferred from the Supreme Court and consolidated with Appeal No. 75760, we hereby dismiss Appeal No. 75884.

*Judgment affirmed in Case No. 75760. Appeal dismissed in Case No. 75884. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED FEBRUARY 2, 1988 —
REHEARING DENIED FEBRUARY 12, 1988 —

*Neal G. Gale, Randall M. Clark*, for appellant.
*Glenn Thomas, Jr.*, District Attorney, *Richard H. Taylor*, Assistant District Attorney, for appellee.