## A90A1992. WADE v. THE STATE.
(400 SE2d 377)

BANKE, Presiding Judge.

The appellant was convicted of aggravated assault upon a police officer, driving under the influence, and attempting to elude a police officer. He brings this appeal from the denial of his motion for new trial.

Officer Batty of the Macon Police Department testified that at around 3:00 a.m. on July 23, 1989, as he was directing traffic and conducting driver's license and proof-of-insurance checks at an intersection in Macon where a traffic light was being repaired, he was approached by a white Maverick automobile being driven by the appellant. He stated that he signalled this vehicle to stop and that it initially slowed as if to do so but then accelerated suddenly straight towards him, causing him to have to jump out of the way to avoid being hit. Officer Batty immediately got into his patrol car and gave chase to the vehicle, which pulled over and stopped after going approximately a half a mile. According both to Officer Batty and to another officer who arrived on the scene to assist him, the appellant smelled of alcohol, exhibited slurred speech, and behaved in a threatening and belligerent manner upon exiting his vehicle. The city employee who had been repairing the traffic light at the intersection testified that he had witnessed the incident and that "if [Officer Batty] had not jumped out of the way he would have been run over." *Held*:

1. The appellant contends that the trial court erred in allowing the state to call two police officers whose names were not on the list of witnesses provided to him pursuant to OCGA § 17-7-110. Although these witnesses' names were not on the list provided to the appellant pursuant to OCGA § 17-7-110, they were contained in the state's file, which was made available to the appellant's counsel and was examined by him prior to trial. In addition, the trial court gave the appellant's counsel an opportunity to interview these witnesses during the lunch recess, which, according to the transcript, lasted two and a

half hours. When the court reconvened following this recess, the appellant renewed his objection but did not move for a continuance to obtain additional time to prepare for the testimony of these witnesses, nor did he indicate how he had been prejudiced by the state's failure to notify him prior to trial that these witnesses were going to testify. Indeed, he has not suggested to this date how additional time to prepare for the testimony of these witnesses might have been of any benefit to him. "Since the purpose of [OCGA § 17-7-110] was satisfied by the trial court's effort to afford the appellant other forms of relief beside excluding the witness[es]' testimony altogether, we hold that there was no error in allowing [these] witness[es] to testify." *Cates v. State*, 245 Ga. 30, 34 (262 SE2d 796) (1980).

2. The appellant contends that the trial court erred in allowing one of the police witnesses to offer testimony to the effect that the appellant's mother had told him the appellant had been involved in a hit-and-run accident involving her unoccupied parked car just prior to the occurrence of the events for which he was on trial. The appellant readily admitted the occurrence of this incident on cross-examination; and, in addition, Officer Batty testified without objection that the appellant told him following his arrest that he thought his mother "had already called police" regarding this accident and "that that's why I was trying to stop him." Because the testimony complained of was merely cumulative of other, properly admitted evidence to the same effect, any error in admitting it must be considered harmless. Accord *Spaulding v. State*, 185 Ga. App. 812, 814 (366 SE2d 174) (1988).

3. The appellant presented two witnesses who maintained that they had been at the intersection in question at the time in question and had seen no police officer there. While cross-examining the appellant, the state's attorney asked him why he had not previously told "anybody in this courthouse or the police department or the court or the grand jury" of the existence of these witnesses and the appellant's counsel objected on the ground that criminal defendants are neither obligated nor permitted to present testimony to the grand jury. Following a brief discussion with the state's attorney concerning whether defense witnesses were ever in fact allowed to testify before the grand jury, the judge instructed the state's attorney to move on with his questioning, telling him: "[W]e're not going to try the grand jury system this afternoon. . . ." The appellant contends that the court should either have given the jury certain unspecified curative instructions at this time or rebuked the state's attorney for implying that he (the appellant) had an obligation to present his defense to the grand jury. Because no such remedial measures were requested in the trial court, this enumeration of error presents nothing for review. See generally *Holt v. State*, 147 Ga. App. 186, 187 (5) (248 SE2d 223) (1978).

4. The appellant contends that the court erred in failing to charge the jury on "reckless conduct" as a lesser offense included in aggravated assault. As no such charge was requested, this enumeration of error similarly presents nothing for review. See *State v. Stonaker*, 236 Ga. 1, 2 (222 SE2d 354) (1976).

5. The evidence, construed in the light most favorable to the verdict, was sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt of each of the three offenses of which he was convicted. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED DECEMBER 5, 1990.

*Sinnreich & Francisco, Elizabeth R. Francisco*, for appellant.

*Willis B. Sparks III, District Attorney, Kimberly S. Shumate, Assistant District Attorney*, for appellee.