## 35776. SUTTON v. THE STATE.

UNDERCOFLER, Presiding Justice.

Sutton was convicted of the felony murder of his wife and sentenced to life. He appeals. We affirm.

At trial, three witnesses who were guests in the Sutton home testified that he became angry at his wife, Odessa, for failing to shut the back door of their apartment. He struck her over the head twice with a guitar. Then, he seized her from behind, placed his arm around her throat, drew a pistol and shot her behind the right ear, killing her. These witnesses stated Sutton's wife never became aggressive and did not place her husband's life in jeopardy in any manner. The medical examiner's testimony corroborated the testimony of the witnesses, explaining Odessa Sutton was killed by a single bullet, fired from two or three inches away from her head, which entered her brain just behind the right ear. This testimony also showed she had a laceration on her scalp.

Sutton, in a statement given to police and later in testimony given from the stand, raised the defense of justification (self-defense). He stated as he entered a bedroom, his wife was standing there pointing a pistol at him. He said he tried to get the pistol away from her. They struggled, and as he tried to get the gun pointed up in the air, it went off, killing his wife.

He does not raise the question of the sufficiency of the evidence, counsel stating in his brief it was sufficient to support "virtually any verdict the jury saw fit to return." He enumerates three errors, however, urging that the court below erred in charging the law of felony murder when the indictment charged him only with malice murder, erred in failing to charge the law of simple assault in addition to that charging aggravated assault, and erred in failing to grant a new trial.

1. Appellant concedes his first enumeration of error reargues the policy contentions raised and decided adversely to him in *Baker v. State,* 236 Ga. 754 (225 SE2d 269) (1976); however, he urges our reconsideration.[1] We

_____

[1]In *Baker v. State,* supra, we concluded Code Ann. §

decline to do so. The court properly charged the law of malice murder and felony murder. *Burke v. State,* 234 Ga. 512, 514 (216 SE2d 812) (1975). It also properly charged that aggravated assault can be the felony triggering the operation of the felony-murder rule. *Baker v. State,* supra; *Cain v. State,* 232 Ga. 804 (209 SE2d 158) (1974). Appellant also argues there was no direct evidence that the deceased knew a pistol was being held at her head, thus a charge on aggravated assault was improper. Awareness is not an essential element of the crime of aggravated assault. Code Ann. § 26-1302.

2. There is no merit in appellant's contention that a charge on simple assault (Code Ann. § 26-1301) must be given in order to complete the definition of aggravated assault (Code Ann. § 26-1302). The latter does not need the former to make it complete. *State v. Siebert,* 133 Ga. App. 775, 776 (2) (213 SE2d 7) (1975).

3. Enumerations of error 1 and 2 being without merit, it was not error for the trial court to refuse a motion for new trial based upon these contentions. Further, the evidence supports the conclusion that a rational finder of fact could have found the appellant guilty of felony murder beyond a reasonable doubt. Jackson v. Virginia, — U. S. — (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

Submitted January 21, 1980 — Decided February 5, 1980.

*Dozier, Daniel, Williams & Dasher, J. Robert Daniel,* for appellant.

*W. Donald Thompson, District Attorney, Willis Sparks, Assistant District Attorney, Arthur K. Bolton, Attorney General, William B. Hill, Jr., Assistant Attorney*

---

26-1101(b) was intended by the General Assembly to permit "any felony" to support the invoking of the felony-murder rule. Appellant would have us adopt the merger rule, thus limiting the use of the felony-murder rule only to those situations where the felony was collateral to, and not an integral part of, the murder.