## S03A1685. CHASE v. THE STATE.
### (592 SE2d 656)

BENHAM, Justice.

Appellant Donald W. Chase appeals the judgment of conviction entered against him for felony murder with the underlying felony being aggravated assault, in connection with the homicide of his wife of 32 years, Jacquelyn Chase.[1] On appeal, appellant contends the evidence was insufficient to convict him of aggravated assault, the trial court gave an erroneous jury instruction on aggravated assault, the prosecuting attorney gave an impermissible demonstration during closing argument, and the trial court erred when it permitted the State to call an unlisted witness. After reviewing the appellate record, we conclude the evidence was sufficient to authorize appellant's conviction, but the jury instruction on aggravated assault was incomplete and, as given, constituted reversible error. Accordingly, we reverse the judgment of conviction.

The State presented evidence that the victim was killed by a single gunshot wound to the top of her head in the small, first-floor kitchen of the townhome she shared with her husband. Police officers responding to appellant's emergency call that his wife had committed suicide found on the kitchen countertop and in the sinks 16 or 17 empty liquor bottles, with one open bottle standing upside down in the drain. Pieces of the victim's hair matter were also found in the sink. In the ceiling above the area in front of the sink was a small hole that investigating police officers and detectives recognized as a bullet hole. In the den immediately above the kitchen, investigators found carpeting stained with gunpowder surrounding a bullet hole in the carpeting and flooring. Having examined the gunpowder residue and the melted carpet fibers, a GBI's firearms examiner testified the

---

[1] Mrs. Chase was killed on September 18, 2001, and the Chatham County grand jury returned a true bill of indictment on December 5, 2001, charging Mr. Chase with malice murder, felony murder (aggravated assault), and aggravated assault. The trial commenced on September 9, 2002, and concluded on September 11 when the jury returned its verdicts, acquitting appellant of malice murder and finding him guilty of felony murder and aggravated assault. The trial court sentenced appellant to life imprisonment for felony murder with aggravated assault as the underlying felony on September 11, and that sentence was filed on September 16. Appellant's motion for new trial, filed September 19, 2002, and amended by appellate counsel on April 7, 2003, was denied May 22, 2003. A notice of appeal was filed June 18, 2003, and the case was docketed in this Court on July 30, 2003. It was orally argued on November 17, 2003.

muzzle of the gun was impressed into the carpet when the weapon was discharged. A SIG Sauer .40-caliber semi-automatic pistol was found on the floor of the den's open closet, and an officer testified its cocked position was consistent with it having been fired.

In a videotaped interview with police, appellant said his wife was mad because appellant, an alcoholic, had started drinking again. He noted "she was dumping it all out," and stated he had not known his wife was in the townhome until he found her dead in the kitchen. While he labeled the idea "inconceivable" and "incomprehensible," he believed she had committed suicide and that she must have used the SIG Sauer in light of the large wound she had suffered. Shortly thereafter, he told police he, while intoxicated and with his wife sitting next to him, had fired the SIG Sauer into the floor of the den upstairs to "be dramatic" and "emphatic." When he later went downstairs to the kitchen to see what damage the shot had done, he found his dead wife. The State presented evidence that a person in the upstairs den could hear noise from the downstairs kitchen, including the sound of bottles rattling, and that the victim had complained to a colleague that, due to the townhome's size, she felt as if her husband knew where she was in the townhome at all times and had stomped on the floor above her head as if letting her know he knew where she was.

1. Appellant contends the evidence was insufficient to authorize the jury to find him guilty of aggravated assault because the evidence was insufficient to establish that he had committed a simple assault, as set forth in OCGA § 16-5-20 (a) (1),[2] since there was no evidence appellant intended to commit a violent injury to his wife when he fired the gun.

"A person commits the offense of aggravated assault when he or she assaults: (1) With intent to murder; to rape; or to rob; (2) With a deadly weapon . . .; or (3) A person or persons without legal justification by discharging a firearm from within a motor vehicle toward a person or persons." OCGA § 16-5-21. "[C]entral to the offense of aggravated assault is that an assault as defined in OCGA § 16-5-20 be committed on the victim." *Brinson v. State*, 272 Ga. 345, 347 (1) (529 SE2d 129) (2000). See also *Merrell v. State*, 162 Ga. App. 886, 887 (2) (293 SE2d 474) (1982) (" 'aggravated assault has two essential elements: (1) that an assault (as defined in [OCGA § 16-5-20] was committed on the victim; and (2) that it was aggravated by (a) an intention to murder, to rape, or to rob, or (b) use of a deadly weapon

---

[2] OCGA § 16-5-20 (a) states: "A person commits the offense of simple assault when he or she either: (1) Attempts to commit a violent injury to the person of another; or (2) Commits an act which places another in reasonable apprehension of immediately receiving a violent injury."

. . .' " or by firing a weapon from within a motor vehicle).

The indictment charged appellant with aggravated assault by "assault[ing the victim] with a gun, a deadly weapon, by shooting her," and with felony murder, with the underlying felony being aggravated assault "by shooting [the victim] with a deadly weapon." It is not necessary that an indictment charging a defendant with aggravated assault specify the manner in which the simple assault was committed, but it must set forth the aggravating aspect. *Simpson v. State,* 277 Ga. 356, 358 (3) (589 SE2d 90) (2003). See also *State v. Tate,* 262 Ga. App. 311 (585 SE2d 224) (2003). As was the case in *Simpson,* supra, the indictment in the case at bar "put [appellant] on notice that he could be convicted for aggravated assault if he committed a simple assault in either manner contained in the simple assault statute [§ 16-5-20 (a) (1) and (a) (2)], so long as the State proved that he did so by use of a gun." Id. While there was no question that appellant fired a gun through the floor, striking his wife in the room below in the top of her head, there was no evidence from which the jury could find the victim had been placed in reasonable apprehension of immediately receiving a violent injury. OCGA § 16-5-20 (a) (2). Compare *Tiller v. State,* 267 Ga. 888 (3) (485 SE2d 720) (1997) (evidence victim heard shot and fell to ground to avoid being shot at again was sufficient to authorize jury to find victim was placed in reasonable apprehension of immediately receiving a violent injury). Accordingly, we must determine whether there was sufficient evidence from which the jury could conclude that appellant used the gun to attempt to commit a violent injury to the person of his wife. OCGA § 16-5-20 (a) (1).

While it is true that "aggravated assault with a deadly weapon based on OCGA § 16-5-20 (a) (1) cannot be committed by criminal negligence" (*Dunagan v. State,* 269 Ga. 590, 591 (2) (502 SE2d 726) (1998)), " '[i]ntentionally firing a gun at another, absent justification, is sufficient in and of itself to support a conviction of [(a) (1)] aggravated assault. (Cits.)' [Cit.]" *Tiller v. State,* supra, 267 Ga. 888, 890 (3). The testimony about how sound traveled from the kitchen to the den and the victim's comments concerning how appellant could "keep tabs" on where she was in the townhome constituted sufficient evidence to authorize the jury to conclude that appellant knew where the victim was in the small kitchen and intentionally fired his gun at the victim through the upstairs flooring just above the site she was occupying in the kitchen, intending to inflict violent injury upon the victim. Accordingly, the evidence was sufficient to authorize the jury to conclude appellant was guilty beyond a reasonable doubt of felony murder/aggravated assault. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant next complains the trial court committed reversible

error in the portion of its jury instruction on aggravated assault that defined simple assault, and compounded the error by giving the jury a written copy of the jury charge and reiterating the allegedly erroneous charge in response to a jury inquiry during deliberations.

In its instructions at the close of the evidence, the trial court informed the jury that "a person commits aggravated assault by the use of a deadly weapon if the person assaults the victim by shooting the victim with a firearm. . . . [I]n order for there to be a conviction for aggravated assault, you must find either an intention to commit injury on the other person or that the other person was intentionally placed in reasonable apprehension of immediately receiving a violent injury." Ninety minutes after jury deliberations began, the trial court repeated the aggravated assault instruction in response to a jury request for a definition of "injury."[3] Appellant contends the charge given was error because it failed to inform the jury of the statutory requirement that there must have been an intent to commit a *violent* injury to the person of another. See OCGA § 16-5-20 (a) (1). Appellant maintains the erroneous charge constitutes reversible error and points to the jury's inquiry concerning the nature of the injury that must be inflicted to constitute an (a) (1) assault to establish the significance of the error.

Jury instructions are " 'the lamp . . . to guide (the jury's) feet in journeying through the testimony in search of a legal verdict.' " *Langston v. State*, 208 Ga. App. 175, 177 (430 SE2d 365) (1993). "The office of a charge by the court is to give to the jury such instruction touching the rules of law pertinent to the issues involved in a pending trial as will enable them intelligently to apply thereto the evidence submitted, and from the two constituents law and fact make a verdict." *Thomas v. State*, 95 Ga. 484, hn. 3 (22 SE 315) (1894). "The trial judge must charge the jury on each crime specified in the indictment . . . unless the evidence does not warrant a conviction of such crime, or unless the State has affirmatively withdrawn a crime or stricken it from the indictment. . . ." *State v. Stonaker*, 236 Ga. 1, 2 (222 SE2d 354) (1976). The jury must be given " 'an appropriate instruction as to the law on each substantive point or issue involved in the case. . . .' " *Driver v. State*, 194 Ga. 561 (1) (22 SE2d 83) (1942). When a given instruction "fails to provide the jury with the proper guidelines for determining guilt or innocence[, it is] clearly harmful and erroneous as a matter of law." *Spear v. State*, 230 Ga. 74 (1) (195

---

[3] The jury's note read:
*Definition of injury*
— Does it include trying to mentally scare a person?
— Is injury, as it applies to aggravated assault, limited to a physical event/happening?

SE2d 397) (1973). Consequently, the failure to inform the jury of an essential element of the crime charged is reversible error because the jury is left without appropriate guidelines for reaching its verdict. *Ancrum v. State*, 197 Ga. App. 819 (2) (399 SE2d 574) (1990); *Powers v. State*, 150 Ga. App. 25 (3) (256 SE2d 637) (1979). The failure to inform the jury that appellant had to have attempted to commit a violent injury on the victim requires reversal of appellant's conviction.

In the order denying appellant's motion for new trial, the trial court noted it used this Court's decision in *Holmes v. State*, 272 Ga. 517, 519 (529 SE2d 879) (2000), to shape the charge on aggravated assault. However, it is not always appropriate to incorporate into a jury instruction language used in an appellate decision. *Wilson v. State*, 275 Ga. 53 (4) (562 SE2d 164) (2002). The issue in *Holmes* was whether the trial court had erred when it charged the jury on the definition of criminal negligence as part of its general charge on the definition of a crime. We observed that the charge as given was distinguishable from that given in *Dunagan v. State*, supra, 269 Ga. 590, and we stated: "The trial court specifically instructed the jury on the required elements of the offense of aggravated assault, including the instruction that in order to convict it must find either 'an intention to commit injury on another person' or 'that the other person was intentionally placed in reasonable apprehension of immediately receiving a violent injury.' " A review of the trial transcript in *Holmes* reveals the trial court gave a complete instruction on the elements of simple assault that tracked the language of the statute, and the language quoted in *Holmes* and relied on by the trial court in the case at bar came in the portion of the charge emphasizing that actual injury need not be shown for an assault to have occurred.

The State maintains that any error in the charge on simple assault is harmless because a charge on simple assault is superfluous when the crime is aggravated assault. Pretermitting whether it is necessary to charge on the elements of simple assault when the crime is aggravated assault (but compare *Brinson v. State*, supra, 272 Ga. 345, 347 (1), and *White v. State*, 267 Ga. 523 (5) (481 SE2d 804) (1997)), the trial court was "responsible for the correct exposition of the law" (*Parker v. State*, 270 Ga. 256, 259 (3) (507 SE2d 744) (1998)), and the trial court is not excused "from ensuring that it accurately and completely states Georgia law for all issues on which it instructs the jury." *Sedlak v. State*, 275 Ga. 746, 754 (571 SE2d 721) (2002) (Fletcher, C. J., concurring specially).

3. The two remaining enumerations of error need not be addressed since one (permitting an unlisted witness to testify for the State) is not likely to recur on re-trial, and the other (assistant district attorney pouring water into a plastic pail during closing argu-

ment) was not objected to at trial and, assuming the argument was improper, there is not a reasonable probability that it changed the result of the trial. *Tharpe v. State*, 262 Ga. 110 (16) (416 SE2d 78) (1992).

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 2, 2004 —
RECONSIDERATION DENIED MARCH 5, 2004.

*Bouhan, Williams & Levy, Walter C. Hartridge, Todd M. Baiad*, for appellant.

*Spencer Lawton, Jr., District Attorney, Nancy G. Smith, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.