## A08A1107. CARROLL v. THE STATE.
### (667 SE2d 708)

RUFFIN, Presiding Judge.

A jury found Rick Carroll guilty on two counts of aggravated battery.[1] At the sentencing hearing, the trial court granted Carroll's earlier motion for a directed verdict as to one count of aggravated battery. Carroll now appeals the trial court's denial of his motion for new trial on the remaining count of aggravated battery. For reasons that follow, we reverse.

In this appeal from a criminal conviction, Carroll has lost the presumption of innocence, and we view the evidence in a light most favorable to the verdict.[2] The record reflects that early in the morning on August 26, 2006, police were called to a house where Carroll lived with his girlfriend, Dana Peacock. Carroll and Peacock, who had both been drinking, had been in a physical altercation. Police found "blood everywhere: on the bed, walls, doors, [and on] clothes thrown on the floor." The jury saw pictures of the scene.

---

[1] The jury found Carroll not guilty of kidnapping, false imprisonment, aggravated assault, and rape.

[2] See *Ferrell v. State*, 283 Ga. App. 471, 472 (1) (641 SE2d 658) (2007).

Peacock was taken to the hospital; she had two black eyes, a laceration on her nose that required stitches, marks "consistent with choking" on her neck, swelling "consistent with blunt force trauma" on her scalp, and "a lot of blood on her face." The jury saw pictures of Peacock after she received stitches for the laceration. Peacock testified that she received eight stitches, which were removed by a friend four or five days later. Peacock gave a written statement to police in which she alleged that, after they began arguing, Carroll repeatedly punched her in the face, choked her, and raped her. She eventually fled to her neighbors' house, and they called 911. Peacock later recanted her statement, claiming that she was under the influence of drugs and alcohol at the time of the altercation and that "[t]he fighting was mutual."

Carroll was charged with, among other things, two counts of aggravated battery: one count for the laceration to Peacock's nose and one count for the black eyes. The jury found him guilty on both counts. The trial court subsequently granted Carroll's motion for directed verdict as to the aggravated battery charge based on Peacock's black eyes. Carroll now appeals the denial of his motion for new trial on the remaining count of aggravated battery arising from the laceration to Peacock's nose.

1. Carroll argues that the trial court erred in failing to fully charge the jury on the lesser included offense of battery. "Jury instructions are the lamp to guide the jury's feet in journeying through the testimony in search of a legal verdict."[3] Accordingly, when an instruction does not provide the proper guidelines for determining guilt or innocence, "it is clearly harmful and erroneous as a matter of law."[4]

The trial court gave the following jury instruction on battery: "I charge you that a person commits the offense of battery when he or she intentionally causes substantial physical harm or physical bodily injury to another." It instructed the jury that "a person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another by depriving him or her of a member of his or her body by rendering a member of his or her body useless or by seriously disfiguring his or her body or a member thereof."

Carroll contends that these instructions, which omitted a portion of the statutory definition of battery, did not adequately inform the jury of the distinction between the "substantial physical harm" required for battery and the "seriously disfiguring" injury required for aggravated battery. As evidence of the jury's confusion, Carroll

---

[3] (Punctuation omitted.) *Chase v. State*, 277 Ga. 636, 639-640 (2) (592 SE2d 656) (2004).

[4] (Punctuation omitted.) Id.

points to its request during deliberations: "We would like a definition of what is considered 'seriously disfiguring' and does this definition depend on length of injury[?]" In response to this request, the trial court indicated that it would recharge the jury on "the entire" aggravated battery and battery instruction. However, in its recharge, the trial court again omitted part of the statutory definition of battery. The trial court instead told the jury that "[i]n response to your question, the disfigurement required to support a conviction for aggravated battery must be more than a superficial wound such as a scrape, bruise, discoloration, or swelling. The disfigurement may be temporary."

The omitted portion of the statutory definition of battery is that contained in subsection (b): "the term 'visible bodily harm' means bodily harm capable of being perceived by a person other than the victim and may include, but is not limited to, substantially blackened eyes, substantially swollen lips or other facial or body parts, or substantial bruises to body parts."[5] Carroll asserts that by omitting this portion of the statutory definition, the trial court failed to give the jury the proper framework for evaluating whether the laceration to Peacock's nose was severe enough to merit a finding of aggravated battery. We agree. We have held that "although 'seriously disfiguring' is not defined in OCGA § 16-5-24, it must require an injury more severe than the visible wounds used to illustrate the 'visible bodily harm' required to support a battery conviction."[6] And "[f]undamental to any criminal case tried to a jury is the jury's understanding of the essential elements of the crimes charged in order to determine whether the [S]tate has met its burden of proof beyond a reasonable doubt."[7] Under these circumstances, without the inclusion of the definition of "visible bodily harm" as defined in OCGA § 16-5-23.1 (b), and especially in light of the answer given to the jury in response to its question, the jury did not have all the information required for it to determine whether the laceration to Peacock's nose would support a finding of battery or aggravated battery. We therefore find that, without the inclusion of the full statutory definition of battery, "the final charge was fatally insufficient because it did not instruct on substantive points or issues involved in the case."[8] Carroll's

---

[5] OCGA § 16-5-23.1 (b). We note that the pattern jury instruction includes the language of section (b) in a parenthetical. Georgia Suggested Pattern Jury Instructions: Criminal Cases § 2.22.11 (4th ed. 2007).

[6] *Williams v. State*, 248 Ga. App. 316, 318-319 (1) (546 SE2d 74) (2001).

[7] *Coney v. State*, 290 Ga. App. 364, 369 (1) (659 SE2d 768) (2008).

[8] Id.

conviction for aggravated battery must be reversed.[9]

2. Because of our holding in Division 1, we need not address Carroll's remaining enumerations of error.

*Judgment reversed. Andrews and Bernes, JJ., concur.*

DECIDED SEPTEMBER 26, 2008.

*Michael C. Taylor, Grayson P. Lane*, for appellant.

*Stephen D. Kelley, District Attorney, Crissy W. Boyles, Assistant District Attorney*, for appellee.

---

[9] See id.; *Chase*, supra; *Furlow v. State*, 276 Ga. App. 332, 334-335 (2) (623 SE2d 186) (2005).