## S10G1633. CANTERA v. THE STATE.
### (713 SE2d 826)

MELTON, Justice.

In *Cantera v. State*, 304 Ga. App. 289 (696 SE2d 354) (2010), the Court of Appeals affirmed Vincent Cantera's convictions for aggravated assault, concealing the death of another, and possession of a firearm during the commission of a crime.[1] With respect to the issue relevant to the granted petition for certiorari, the Court of Appeals also held that the trial court did not err in failing to charge the jury on simple assault as an essential element of the offense of aggravated assault in this case. Id. at 293 (3). We granted review to determine whether a jury instruction on aggravated assault must include an instruction on simple assault. For the reasons that follow, we conclude that a charge on simple assault is not required in every case involving aggravated assault, and particularly was not required to be given under the circumstances of this case. Accordingly, we affirm the judgment of the Court of Appeals.

1. Viewed in the light most favorable to the jury's verdict, the record reveals that Cantera shot the victim, Jose Luis Guerrero, and the victim fled. Cantera chased the victim, and when he caught up to him, he shot him three more times as the victim begged for his life, killing him. On August 14, 2000, Cantera told his son, Efrain

---

[1] Although the jury had also found Cantera guilty of voluntary manslaughter and an additional count of possession of a firearm in connection with the voluntary manslaughter count, the trial court did not enter judgments on these counts, and, on appeal, the State conceded that "no evidence of the offense of voluntary manslaughter" had been presented to the jury. *Cantera*, supra, 304 Ga. App. at 291 (1). Accordingly, the Court of Appeals determined that "any issues concerning [the voluntary manslaughter and related possession of a firearm] counts of the indictment [were] moot and [would] not be considered. [Cit.]" *Funderburk v. State*, 276 Ga. 554, 555 (1) (580 SE2d 234) (2003). The propriety of this ruling is not at issue in the present appeal.

Cantera, that he had shot and killed Guerrero. That evening, Cantera drove Efrain and another man to an Echols County hunting property which Cantera leased, where, at gunpoint, he forced Efrain and the other man to bury the victim.

The evidence outlined above was sufficient to enable a rational trier of fact to find Cantera guilty of all the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. This Court has previously held that "[t]here is no merit in [the] contention that a charge on simple assault (cit.) *must* be given in order to complete the definition of aggravated assault (cit.)" ((emphasis supplied) *Sutton v. State*, 245 Ga. 192, 193 (2) (264 SE2d 184) (1980)), and that there is no harmful error in failing to charge on simple assault when "evidence shows that the perpetrator[ ] [of the aggravated assault acted] intentionally [in shooting the victim] . . . [and] [n]either negligence nor reckless conduct [is] an issue in th[e] case." *Howard v. State*, 288 Ga. 741, 743 (2) (707 SE2d 80) (2011). In this connection, under this Court's decision in *Howard*, supra, there could be no harmful error from the trial court's failure to charge the jury on simple assault in the instant case, as the undisputed evidence shows that Cantera intentionally shot the victim, wounding him, and then chased the victim down and intentionally shot him three more times as he begged for his life. Id. "Neither negligence nor reckless conduct was an issue in this case and, thus, any error in the charge would not have affected the outcome of the case." (Citation omitted.) Id. In *Howard*, however, this Court specifically declined to "address this Court's prior holding [in *Sutton*, supra,] that "(t)here is no merit in (the) contention that a charge on simple assault ([cit.]) must be given in order to complete the definition of aggravated assault ([cit.])." Id. at 743-744 (2). Today, we address that holding, and determine that, as explained more fully below, the trial court did not commit any error at all by failing to instruct the jury on simple assault in connection with its charge on aggravated assault in this case.

We do not hold, however, that a charge on simple assault would *never* be necessary in a case involving aggravated assault. Indeed, "[t]he jury must be given 'an appropriate instruction as to the law on each substantive point or issue involved in the case' " ((citation and punctuation omitted) *Chase v. State*, 277 Ga. 636, 639 (2) (592 SE2d 656) (2004)), and there are certainly circumstances under which simple assault would constitute a substantive point or issue in an aggravated assault case.

"A person commits the offense of simple assault when he or she either . . . [a]ttempts to commit a violent injury to the person of another[,] or . . . [c]ommits an act which places another in reasonable

apprehension of immediately receiving a violent injury" (OCGA §
16-5-20 (a)), and

> [a] person commits the offense of aggravated assault when
> he or she assaults: . . . [w]ith intent to murder, to rape, or to
> rob; . . . [w]ith a deadly weapon or with any object, device,
> or instrument which, when used offensively against a
> person, is likely to or actually does result in serious bodily
> injury . . . or . . . [assaults] [a] person or persons without
> legal justification by discharging a firearm from within a
> motor vehicle toward a person or persons.

OCGA § 16-5-21 (a). As can be seen from these statutory definitions,
aggravated assault can be committed in a number of ways, some of
which would necessarily involve simple assault in a manner that
would require a jury charge to be given on that crime in order to
properly assist and inform the jury. For example, if a gunman
intentionally shot at a victim, but missed and caused no injury to the
victim, a jury would have to be informed that the perpetrator could
still be found guilty of aggravated assault despite the fact that he or
she did not cause any physical injury to the victim. In this regard, the
jury would have to be instructed on the elements of simple assault.
The charge would be required under such circumstances because the
jury would need to know that the perpetrator could be found guilty
of aggravated assault for having "[a]ttempt[ed] to commit a violent
injury to the person of another[,] or . . . [for having] [c]ommit[ted] an
act which place[d] another in reasonable apprehension of immedi-
ately receiving a violent injury" through the use of a deadly weapon.
OCGA §§ 16-5-20 (a) and 16-5-21. See also, e.g., *Coney v. State*, 290
Ga. App. 364, 369 (1) (659 SE2d 768) (2008) (charge on simple
assault was necessary to instruct the jury "on substantive points or
issues involved in the [aggravated assault] case" where evidence
revealed that police officer was shot in the hand while he and
defendant struggled over control of officer's gun). On the other hand,
if, as here, a perpetrator simply shot a victim intentionally and for no
apparent reason, there would be no need to charge the jury on simple
assault for placing an individual in reasonable apprehension of
receiving a violent injury or attempting to cause a violent injury with
a deadly weapon, because the act of aggravated assault by "us[ing] [a
deadly weapon or a device] offensively against a person [in a manner
that] is likely to or actually does result in serious bodily injury"
would have already been completed. OCGA § 16-5-21 (a) (2). See also
*Sutton*, supra, 245 Ga. at 193 (2) (trial court did not need to give
charge on simple assault where defendant committed aggravated
assault by grabbing his wife from behind, putting a gun to her head,

and shooting her dead at point blank range).

In sum, there is a distinction between aggravated assault cases with injuries that have been intentionally inflicted based upon the evidence and those where, although there may be injuries, intent may be in question. In cases where intent is in question, a charge on simple assault must be given so the jury can see that, although no physical harm may have been done, the defendant could still be found guilty of aggravated assault if the jury finds that the defendant attempted to commit a violent injury or if the defendant performed an act which placed the victim in reasonable apprehension of immediately receiving a violent injury. See, e.g., *Chase*, supra, 277 Ga. at 640 (2) (simple assault charge describing "violent" nature of injury that would support assault conviction was necessary where defendant killed his wife by shooting through the floor of the room above her, although he could not see her while he was shooting). Where, as here, however, the jury has already been properly instructed on general intent and there is no question regarding the perpetrator's intent in shooting the victim (and then shooting him three more times after that), there is no need for the trial court to instruct the jury on simple assault in connection with its charge on aggravated assault. See *Sutton*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 27, 2011 —
RECONSIDERATION DENIED JULY 21, 2011.

G. G. *Joseph Kunes, Jr.*, for appellant.
J. *David Miller, District Attorney, Bradfield M. Shealy, Assistant District Attorney*, for appellee.