S13A0542. HOLLOMAN v. THE STATE.
(744 SE2d 59)

MELTON, Justice.

Following a jury trial, Howard Holloman, Jr., appeals his conviction for malice murder, felony murder, aggravated battery, aggravated assault, and cruelty to children, contending that the trial court gave the jury an incomplete instruction on aggravated assault, certain text messages were improperly admitted into evidence, trial counsel rendered ineffective assistance, and improper impeachment evidence was admitted during the hearing on his motion for new trial.[1] We affirm.

1. In the light most favorable to the verdict, the record shows that, on the evening of August 24, 2009, Eva Rodney left her six-month-old son, Nathaniel, with Holloman. Holloman was alone with Nathaniel until the next morning, when Rodney arrived in response to a message from Holloman that Nathaniel would not take his bottle. Rodney found Nathaniel, who appeared to be asleep, in his swing in the basement. When Rodney picked up Nathaniel, she discovered that he was unresponsive, gurgling, and turning blue. Rodney frantically dialed 911, and the 911 operator told Rodney to lay Nathaniel on the floor and to perform CPR. When emergency personnel arrived at the home, they discovered that Nathaniel did not have a pulse. After being rushed to the hospital, Nathaniel was declared dead shortly after arriving. A subsequent autopsy revealed various severe injuries throughout the child's body, including bruises on his face and torso, injury to his mouth, and tears in the tissue of his liver and heart. Based on the information obtained during the autopsy, the

---

[1] On September 10, 2010, Holloman was indicted for malice murder, three counts of felony murder, four counts of aggravated battery, six counts of aggravated assault, and four counts of cruelty to children. Following a jury trial ending on May 12, 2011, Holloman was found guilty on all counts. Subsequently, the trial court sentenced Holloman to life imprisonment for malice murder, twenty concurrent years for one count of aggravated assault, and ten concurrent years for cruelty to children. The conviction for felony murder was vacated by operation of law, *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993), and the remaining counts were merged for purposes of sentencing. On June 9, 2011, Holloman filed a motion for new trial, and, through new counsel, amended the motion on December 15, 2011 and July 13, 2012. The trial court denied the motion on August 29, 2012. Holloman thereafter timely filed a notice of appeal, his case was docketed to the January 2013 term of this court, and the case was submitted for decision on the briefs.

State's medical examiner concluded and testified that Nathaniel died from blunt force injury to the torso and that the manner of his death was homicide.

This evidence was sufficient to enable the jury to find Holloman guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Holloman contends that the trial court gave the jury an incomplete charge on the crime of aggravated assault because the charge omitted a definition of simple assault. The trial court charged: "[A] person commits the offense of aggravated assault when the person assaults another person with any object, device, or instrument that when used offensively against a person is likely to or actually does result in serious bodily injury." Because Holloman did not object to the trial court's charge before the jury retired to deliberate, we must review his contention on appeal for "plain error." The plain error test adopted in *State v. Kelly*, 290 Ga. 29 (718 SE2d 232) (2011), authorizes reversal of a conviction if the instruction was erroneous, the error was obvious, the instruction likely affected the outcome of the proceedings, and the error seriously affected the fairness, integrity or public reputation of judicial proceedings. See *Terry v. State*, 291 Ga. 508 (2) (731 SE2d 669) (2012).

We considered a similar argument in *Cantera v. State*, 289 Ga. 583, 586 (713 SE2d 826) (2011), although the doctrine of plain error was not applicable in that case. We explained:

> [T]here is a distinction between aggravated assault cases with injuries that have been intentionally inflicted based upon the evidence and those where, although there may be injuries, intent may be in question. In cases where intent is in question, a charge on simple assault must be given so the jury can see that, although no physical harm may have been done, the defendant could still be found guilty of aggravated assault if the jury finds that the defendant attempted to commit a violent injury or if the defendant performed an act which placed the victim in reasonable apprehension of immediately receiving a violent injury. See, e.g., *Chase[ v. State*, 277 Ga. 636, 640 (2) (592 SE2d 656) (2004]] (simple assault charge describing "violent" nature of injury that would support assault conviction was necessary where defendant killed his wife by shooting through the floor of the room above her, although he could not see her while he was shooting).

*Cantera,* supra, 289 Ga. at 586 (2). The only evidence presented in this case was that Nathaniel's injuries were consistent with a severe beating and blunt force trauma that precipitated his death.

> Where, as here, however, the jury has already been properly instructed on general intent and there is no question regarding the [nature of the injuries as being deliberately inflicted and the cause of death being a homicide due to abuse], there is no need for the trial court to instruct the jury on simple assault in connection with its charge on aggravated assault. See *Sutton*[ *v. State,* 245 Ga. 192, 193 (2) (264 SE2d 184) (1980)].

*Id.* This enumeration therefore lacks merit, especially in consideration of the plain error doctrine.

3. Holloman contends that the trial court erred by admitting certain text messages he sent to Rodney, arguing that the text messages were not properly authenticated. The record shows that, during trial, the State introduced text messages Holloman sent to Rodney on the morning of Nathaniel's death. Prior to the admission of these messages, Holloman's counsel informed the trial court that he did not object to the admission of the text messages as long as a foundation was laid for them. Subsequently, the State elicited testimony from Rodney that the cell phone containing the messages belonged to her, the messages were sent to her by Holloman, and photographs of her cell phone screen accurately portrayed the messages that had been sent. Holloman did not object to this testimony or the subsequent admission of the text messages. In the absence of any such objection, his current argument regarding the authenticity of the messages has been waived. *Williams v. State,* 255 Ga. 97, 100 (4) (335 SE2d 553) (1985).

4. Holloman contends that he received ineffective assistance because trial counsel failed to (a) object to the admission of the text messages sent to Rodney's cell phone and (b) obtain an expert witness to rebut the testimony of the State's medical examiner regarding Nathaniel's cause of death.

> In order to succeed on his claim of ineffective assistance, [Holloman] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of proving either prong of the

*Strickland* test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); *Fuller v. State,* 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, " '[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" *Robinson v. State,* 277 Ga. 75, 76 (586 SE2d 313) (2003).

*Wright v. State,* 291 Ga. 869, 870 (2) (734 SE2d 876) (2012).

(a) Holloman first contends that trial counsel rendered ineffective assistance by failing to make an authentication objection to Holloman's text messages to Rodney. Holloman, however, has shown no harm. There were three messages in issue, and all three merely contained requests for Rodney to call Holloman as soon as possible. Holloman has made no showing on appeal as to how these requests harmed his case, other than contending that the texts touched upon his character as being impatient. Even if this were so, however, other evidence was admitted that Holloman was "tired of the baby" on the morning in question. Holloman has not proven ineffective assistance in this regard.[2] Id.

(b) Holloman maintains that trial counsel's failure to call an expert witness to rebut the medical examiner's testimony constitutes inadequate preparation for trial. The record shows, however, that Holloman's attorney discussed with Holloman the possibility of a defense based on the argument that CPR performed on Nathaniel inadvertently caused the child's injuries. Trial counsel investigated the viability of this defense by contacting a pediatrician, who reviewed the information trial counsel provided and informed him that she did not believe that Nathaniel's injuries could have been caused by CPR. On the basis of this opinion, trial counsel chose not to pursue this defense any further. Based on this investigation and the reasonable strategic decision not to pursue the CPR defense any further, the trial court did not err by denying Holloman's claim of ineffective assistance. *Hubbard v. State,* 285 Ga. 791, 794 (3) (683 SE2d 602) (2009) (the decision as to which defense witnesses to call is a matter of trial strategy and tactics and will not constitute ineffective assistance of counsel unless those errors are unreasonable ones no competent attorney would have made under similar circumstances).

---

[2] We note that, although Holloman raised this ground in his motion for new trial, it was not ruled upon by the trial court. Because it is plain from the record that Holloman has failed to prove harm, we need not remand this issue to the trial court because it is clear from the record that the *Strickland* test cannot be met. See *Wilson v. State,* 286 Ga. 141, 145 (4) (686 SE2d 104) (2009).

5. Holloman argues that, during the motion for new trial hearing, the trial court erred by allowing the State to impeach his newly-hired medical expert with evidence that had not been properly disclosed to Holloman in advance. Holloman bases this argument on OCGA § 17-16-4 (c), regarding notice prior to or during trial to the other party about certain discoverable evidence. Pretermitting the question of whether this Code section applies to motion for new trial proceedings, Holloman did not object to the State's evidence when it was presented. As a result, he has waived this argument for purposes of appeal. See *Rogers v. State*, 290 Ga. 401, 406 (3) (721 SE2d 864) (2012) (arguments raised for the first time on appeal are deemed to be waived).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 3, 2013.

*Quen L. Banks*, for appellant.

*Tracy Graham-Lawson, District Attorney, Lalaine A. Briones, Elizabeth A. Baker, Frances C. Kuo, Erman J. Tanjuatco, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Rochelle W. Gordon, Assistant Attorney General*, for appellee.