**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**MCMILLIAN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 24, 2019**

# In the Court of Appeals of Georgia

A19A0653. BASHIR v. THE STATE.

McFADDEN, Presiding Judge.

After a jury trial, Khalid Bashir was convicted of three counts of aggravated assault with a deadly weapon (OCGA § 16-5-21 (a) (2)) and one count each of possession of a firearm during the commission of a felony (OCGA § 16-11-106) and possession of a firearm by a convicted felon (OCGA § 16-11-131). On appeal, he challenges the sufficiency of the evidence of assault, but the evidence met the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). He challenges the charge given to the jury on assault, but he did not object to this charge at trial and he has not shown plain error. And he challenges the trial court's admission of his prior convictions as impeachment evidence, but he has not shown that the trial court abused her discretion. So we affirm.

1. *Sufficiency of the evidence.*

Bashir claims that there was insufficient evidence to support his convictions for aggravated assault with a deadly weapon, because the evidence did not show that he either intended to commit a violent injury to the three victims named in the indictment or that those persons were in reasonable apprehension of immediately receiving a violent injury. See OCGA § 16-5-21 (a) (2) ("A person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon[.]"). See also OCGA § 16-5-20 (a) ("A person commits the offense of simple assault when he or she either: (1) Attempts to commit a violent injury to the person of another; or (2) Commits an act which places another in reasonable apprehension of immediately receiving a violent injury."). In considering this claim, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. at 319 (III) (B) (citation omitted; emphasis in original). "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [s]tate's case, the jury's verdict will be upheld." *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001) (citations and punctuation omitted).

So viewed, the trial evidence showed that, after getting into verbal and physical altercations with his live-in girlfriend and her brother, Bashir fired several shots from a gun toward a departing car carrying the three aggravated assault victims named in the indictment — his girlfriend, her brother, and her mother. A bullet struck the car near where one of the victims was sitting. A jury could find from this evidence that Bashir had intentionally fired the gun in the three victims' direction. "(I)ntentionally firing a gun at another, absent justification, is sufficient in and of itself to support a conviction of [OCGA § 16-5-20] (a) (1) aggravated assault." *Chase v. State*, 277 Ga. 636, 638 (1) (592 SE2d 656) (2004) (citation and punctuation omitted). See also *Howard v. State*, 288 Ga. 741, 743 (1) (707 SE2d 80) (2011); *Dukes v. State*, 264 Ga. App. 820, 823-824 (4) (592 SE2d 473) (2003). So the evidence was sufficient to support Bashir's convictions for aggravated assault.

2. *Jury charge.*

Bashir argues that the trial court erred by failing, in her charge to the jury, "to inform the jury of the definition of simple assault even though that offense is an essential element of aggravated assault." *Howard*, 288 Ga. at 743 (2). Because he did not object to the charge at trial, we review this claim only for plain error affecting the

3

substantial rights of the parties. OCGA § 17-8-58 (b). Bashir has not shown plain error.

As our Supreme Court has explained, the plain-error analysis contains four prongs:

> First, there must be an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error — discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*Walker v. State*, 301 Ga. 482, 485 (2) (801 SE2d 804) (2017) (citation omitted).

The error asserted by Bashir in this case is the trial court's failure to charge on simple assault. Bashir argues that the trial court should have charged that, to find Bahsir guilty of aggravated assault with a deadly weapon under OCGA § 16-5-21 (a) (2), the jury must find that he committed an assault by one of the methods set forth in the simple assault statute, OCGA § 16-5-20 (a). Pertinently, OCGA § 16-5-21 (a)

4

(2) provides that a "person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon[,]" and OCGA § 16-5-20 (a) provides that a "person commits the offense of simple assault when he or she either: (1) Attempts to commit a violent injury to the person of another; or (2) Commits an act which places another in reasonable apprehension of immediately receiving a violent injury."

Bashir requested the pattern jury charge on aggravated assault, which contains the above-quoted language from both the aggravated assault statute and the simple assault statute. See Suggested Pattern Jury Charges, Vol. II: Criminal Cases, § 2.20.21. But the trial court did not give the requested charge. Instead, the trial court charged the following:

> A person also commits the offense of aggravated assault with a deadly weapon by shooting at, toward, and in the direction of the alleged victim with a handgun, the same being a deadly weapon. In this instance, to constitute such an assault, actual injury to the alleged victim need not be shown. It is only necessary that the evidence show beyond a reasonable doubt that the defendant unlawfully committed an assault upon the alleged victim by pointing at, toward, and in the direction of the alleged victim with a handgun.

The trial court also charged the jury on general intent:

5

Criminal intent does not mean an intention to violate the law or to violate a penal statute, but simply means the intention to commit the act that is prohibited by a statute. The defendant will not be presumed to have acted with criminal intent; but you may find such intention, or the absence of it, upon a consideration of words, conduct, demeanor, motive, and other circumstances connected with the act for which the accused is being prosecuted.

And the trial court charged the jury on justification of the use of force in defense of oneself or others or of one's residence.

Bashir is correct that, in certain circumstances, it is error for a trial court in an aggravated assault case to fail to charge on the methods of committing a simple assault set forth in OCGA § 16-5-20 (a). This case arguably presents such circumstances. It is undisputed in this case that Bashir intentionally shot at the victims, but missed and caused them no injury.[1] In *Cantera v. State*, 289 Ga. 583 (713 SE2d 826) (2011), our Supreme Court held that, under a similar set of facts presented in the decision as a hypothetical, "a jury would have to be informed that the perpetrator could still be found guilty of aggravated assault despite the fact that he or

---

[1] As discussed in greater detail in Division 3, below, Bashir does not dispute that he intentionally shot at the victims. He disputes the circumstances surrounding the shooting and argues that the shooting was justifiable.

6

she did not cause any physical injury to the victim. In this regard, the jury would have to be instructed on the elements of simple assault." Id. at 585 (2). The Court explained that "[i]n cases where intent is in question, a charge on simple assault must be given so that the jury can see that, although no physical harm may have been done, the defendant could still be found guilty of aggravated assault if the jury finds that the defendant attempted to commit a violent injury or if the defendant performed an act which placed the victim in reasonable apprehension of immediately receiving a violent injury." Id. at 586 (2). Bashir argues on appeal that his intent to commit a simple assault in one of these two ways was in question, requiring the simple assault language to be included within the aggravated assault charge. For the purpose of our plain error analysis we will assume that the trial court's failure to include that language was clear or obvious error.

We do not agree with the state that Bashir invited the error by withdrawing his request for the charge in question. In *Walker*, supra, our Supreme Court held that where an appellant "explicitly withdrew his request for a [particular] instruction, [he] affirmatively waived any right to [the] charge and cannot show plain error in this regard[.]" 301 Ga. at 485 (2) (a).

7

But the record does not show that Bashir explicitly withdrew his request for a proper charge on aggravated assault. Bashir requested a simple assault charge twice, once as a part of the charge on aggravated assault and once as an adjunct to a charge on lesser-included offenses. He expressly withdrew only the latter.

As to the former, in a written request numbered "26," Bashir asked the trial court to charge the jury on "2.20.21 Assault, Aggravated (Weapon)." This referred to the pattern jury charge on aggravated assault, which included the necessary simple assault language. See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases § 2.20.21.

As to the latter, in written requests numbered "21" and "27," Bashir asked the trial court to charge the jury, respectively, on "1.60.11 Lesser Offense" and "2.20.10 Assault, Simple, Generally (Lesser Included)." This latter request referred to the pattern jury charge on simple assault, which repeated the same simple assault language that was also incorporated into the requested aggravated assault charge. See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases § 2.20.10.

The trial court refused to charge on lesser-included offenses, and the following colloquy ensued.

8

The Court: The defense's request for a lesser-included offense, under the facts of this case, I don't think it's appropriate.

Defense Counsel: We would withdraw that, Your Honor.

The Court: Which means that you are also withdrawing what is listed as 27, simple assault?

Defense Counsel: Yes. That — yes.

While this exchange shows that Bashir explicitly withdrew his request number 27, the pattern charge on simple assault, it does not show that he also withdrew his request number 26, the pattern charge on aggravated assault. In fact, his request for the pattern aggravated-assault charge was not discussed at all in the charge conference.

So the record is ambiguous on whether, by explicitly withdrawing his request number 27 for a separate charge on simple assault as a lesser-included offense, Bashir also withdrew his request for an aggravated assault charge that included a description of simple assault. Given this ambiguity, we decline to fine that Bashir affirmatively waived his right to the pattern aggravated assault charge.

9

Nevertheless, Bashir has not shown plain error, because his argument fails of the third prong of the plain error analysis. He has not demonstrated that the trial court's failure to give the charge affected his substantial rights. He has failed "to make an affirmative showing that the error probably did affect the outcome below." *Shaw v. State*, 292 Ga. 871, 873 (2) (742 SE2d 707) (2013) (citations omitted). Bashir argues that the charge given to the jury did not adequately instruct them on the required element of intent. But even if the trial court gave an incomplete charge on aggravated assault, we cannot say that the omission probably affected the outcome at trial. Bashir admitted to intentionally firing a gun in the victims' direction, which is conduct that would constitute aggravated assault. See *Chase*, 277 Ga. at 638 (1). Bashir argued that this intentional conduct was justified as self defense, and the trial court charged the jury on his justification defense.

3. *Prior convictions.*

Bashir argues that the trial court erred in admitting, under OCGA § 24-6-609 (Rule 609), evidence of three of his prior convictions for the purpose of impeaching him: a 2003 conviction for aggravated assault and two drug convictions, one from 2005 and the other from 2007. At the time of Bashir's 2015 trial, two of the prior convictions were more than ten years old. Under OCGA § 24-6-609, the more recent

prior conviction could be "introduced for the purpose of attacking [Bashir's] character for truthfulness . . . if the court determine[d] that the probative value of admitting the evidence outweigh[ed] its prejudicial effect." *Jordan v. State*, 344 Ga. App. 267, 272 (5) (810 SE2d 158) (2018) (footnote omitted). But the two older prior convictions could be introduced only if the court "determine[d], in the interests of justice, that the probative value of the conviction[s] *substantially* outweigh[ed their] prejudicial effect." OCGA § 24-6-609 (b) (emphasis supplied).

In deciding whether the trial court met these standards, we must "look to federal appellate precedent [unless] a Georgia appellate court [has] decide[d] the issue under the new [Evidence] Code." *State v. Almanza*, 304 Ga. 553, 555 (1) (820 SE2d 1) (2018) (footnote omitted). This is because Rule 609 of Georgia's new Evidence Code is materially identical to Rule 609 of the Federal Rules of Evidence. Compare OCGA § 24-6-609 with Fed. R. Evid. 609. So we do not look to cases decided under our former Evidence Code, even though the trial court and the parties have cited to them, because that precedent "did not survive the adoption of the new Evidence Code." *Almanza*, supra at 555 (1). Accord *State v. Orr*, __ Ga. __ (3) (__ SE2d __) (Case No. S18G0994, decided May 6, 2019).

11

The trial court did not apply the Rule 609 standards when she ruled on the admission of the evidence of the prior convictions at trial. But in her order denying Bashir's motion for new trial, the trial court re-evaluated the admissibility of the evidence under Rule 609 and made a finding on the record. Reviewing the ruling for abuse of discretion, *Jordan*, 344 Ga. App. at 272 (5), we find none.

The purpose of admitting evidence of prior convictions under Rule 609 is to attack a witness's credibility. See *Robinson v. State*, 336 Ga. App. 627, 631 (3) (785 SE2d 304) (2016). We have upheld a trial court's decision to admit such evidence where the defendant placed his credibility directly at issue, reasoning that in such an instance the evidence of prior convictions becomes more probative. See *Jordan*, 344 Ga. App. at 272-273 (5). Even for older convictions assessed under the more stringent Rule 609 (b) standard, if the defendant's credibility is a key issue in the case there is a ground for the trial court to admit the evidence. In a seminal case, *United States v. Pritchard*, 973 F2d 905, 909 (II) (11th Cir. 1992), the Eleventh Circuit identified the "centrality of the credibility issue" as one of several factors to be considered by a trial court deciding whether to admit, under Rule 609 (b), evidence a conviction more than ten years old. See generally *Robinson*, 336 Ga. App. at 632 (3) (noting that these factors, which were considered by Georgia cases under the old Code, "remain a useful

guide"). The Eleventh Circuit found that the admission of evidence of an older conviction was not an abuse of discretion even if some of the *Pritchard* factors weighed in the defendant's favor, where the trial court "correctly noted the importance of [the defendant's] testimony and credibility." *United States v. Benitez*, 731 Fed. Appx. 783, 794 (III) (B) (11th Cir. 2018) (defendant was only witness on critical point). See also *Lisbon v. United States*, 2018 U. S. App. LEXIS 35559, *8 (11th Cir. 2018) (trial court did not abuse discretion to admit older conviction where defendant's credibility was "vital" to case).

In this case, Bashir's credibility was central to his defense. Testifying at trial, Bashir did not deny firing the gun but stated that he did so in defense of himself and his family. His descriptions of the altercations with his girlfriend and her brother and of the shooting that followed differed significantly from the testimony of several other trial witnesses. For example, Bashir testified that his girlfriend's brother, who was accompanied by two men whom Bashir did not know, first hit him with a gun and then pointed the gun at him and his children. Bashir also testified that he shot the gun at these people while they were inside his house, in an effort to get them to leave. But other witnesses present during that altercation described the circumstances differently. They testified that the girlfriend's brother did not have a gun. And they

13

testified that they were in the car driving away from the house as Bashir shot at them from his yard. They did not testify to the presence of the two unknown men.

The trial court noted the centrality of Bashir's credibility to the case when she determined that the Rule 609 standards for admitting the evidence of his prior convictions had been met. The evidence supported that finding, and applying the authority cited above we find no abuse of discretion.

*Judgment affirmed. Goss, J. concurs. McMillian J., concurs fully in Divisions 1 and 3, and in the judgment only as to Division 2.\**

**DIVISION 2 OF THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2.**