**FIRST DIVISION
BARNES, P. J.,
WATKINS and LAND, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**August 10, 2023**

# In the Court of Appeals of Georgia

A23A0927. YEOMANS v. THE STATE.

WATKINS, Judge.

Johnny Elder Yeomans, III, was convicted by jury of sale of a controlled substance and possession of a controlled substance with intent to distribute.[1] On appeal, Yeomans argues: (1) the evidence was insufficient to support his conviction for sale of a controlled substance; and (2) trial counsel provided ineffective assistance in failing to object to certain testimony on confrontation clause grounds. For the reasons set forth infra, we affirm.

---

[1] See OCGA § 16-13-30 (b). The trial court merged the two offenses for sentencing purposes.

Viewed in the light most favorable to the verdict,[2] the evidence presented at trial showed the following. In July 2015, investigators with the Glynn-Brunswick narcotics team, a division of the Glynn County police department, surveilled Susan Westberry for a possible narcotics crime. The officers stopped Westberry for a traffic violation. They observed Westberry conceal contraband on her person, and after two searches discovered suspected methamphetamine.

The officers took Westberry into custody. In exchange for avoiding jail time, Westberry agreed to participate in a sting operation to purchase methamphetamine. She contacted her seller, Rose Blanken, while on speaker phone at the police department. Westberry and Blanken set up a buy for $300 worth of methamphetamine. After a subsequent call, Blanken advised Westberry that Yeomans — Blanken's boyfriend — would conduct the sale.

The officers gave Westberry money, and they proceeded to the buy location. Westberry sat on a bench while the police waited across the street. Later, Yeomans arrived and pulled up next to Westberry. Westberry walked to the driver's side door. She exchanged the money for the methamphetamine and signaled to the police officers. The officers arrested Yeomans. They retrieved the methamphetamine from

[2] See *Casey v. State*, 310 Ga. 421, 423 (1) (851 SE2d 550) (2020).

2

Westberry and recovered two bags of suspected methamphetamine from Yeomans's vehicle. Of the two bags in the vehicle, one appeared to be just residue.

The crime lab report indicated that the substance recovered from Westberry weighed 2.16 grams and the substance recovered from the vehicle weighed 0.8 grams. The officers incinerated the third bag with residue because it did not contain enough substance to test. A crime lab technician testified that the sample weighing 2.16 grams contained methamphetamine. The technician did not test the other sample weighing 0.8 grams because it was visually consistent with methamphetamine and she had already tested the 2.16 gram sample.

The jury found Yeomans guilty of sale of a controlled substance and possession of a controlled substance with intent to distribute. Yeomans filed a motion for new trial, which the trial court denied after a hearing, and this appeal followed.

1. Yeomans argues that the evidence was insufficient to support his conviction for sale of a controlled substance. Specifically, he points to several alleged "holes" in the evidence, including the use of Westberry as an informant when she possessed methamphetamine earlier that day, a police report indicating that officers had recovered three bags from the vehicle, not two, and the lab technician's failure to test the substance weighing 0.8 grams.

In considering this claim, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the state's case, the jury's verdict will be upheld.[3]

With respect to the crimes alleged in this case, "it is unlawful for any person to manufacture, deliver, distribute, dispense, administer, sell, or possess with intent to distribute any controlled substance[,]"[4] including methamphetamine.[5] Here, the testimony from the narcotics officers and Westberry, as well as the methamphetamine and money used in the exchange, provided sufficient evidence for a rational trier of fact to find Yeomans guilty beyond a reasonable doubt of sale of a controlled substance.[6]

---

[3] (Citations and punctuation omitted.) *Bashir v. State*, 350 Ga. App. 852 (1) (830 SE2d 353) (2019).

[4] OCGA § 16-13-30 (b).

[5] OCGA § 16-13-26 (3) (B).

[6] See *Williamson v. State*, 300 Ga. App. 538, 541 (1) (685 SE2d 784) (2009) (holding that the defendant's sale of methamphetamine to an undercover officer was sufficient to support her conviction for sale of a controlled substance).

Yeomans intimates in his appellate brief that Westberry might have retained methamphetamine from earlier in the day or somehow planted the drugs on Yeomans. However, both Westberry and the officers testified that they searched Westberry prior to the sale, and Westberry testified that she bought the methamphetamine from Yeomans and did not plant any evidence. "It was for the jury to determine the credibility of the witnesses and to resolve any conflicts or inconsistencies in the evidence."[7]

Yeomans also contends that the original police report stated that the officers recovered three bags from Yeomans's vehicle, not two. But the officer testified at trial that the report contained a typographical error, and the officer remained steadfast in his testimony that he recovered only two bags from the vehicle.

Finally, Yeomans argues that the State never tested the substance weighing 0.8 grams for methamphetamine. The State did test, however, the methamphetamine actually involved in the sale, and OCGA § 16-13-30 (b) does not contain a minimum weight required for conviction.[8] Additionally, the lab technician testified that the

---

[7] (Citation and punctuation omitted.) *Vega v. State*, 285 Ga. 32, 33 (1) (673 SE2d 223) (2009).

[8] See OCGA § 16-13-30 (b); *Culajay v. State*, 309 Ga. App. 631, 634 (1) (710 SE2d 846) (2011) (noting that the statute prohibited the sale of a controlled substance

5

substance was visually consistent with methamphetamine and the other sample. "[T]he testing of representative samples is sufficient to support a conviction for . . . the entire amount."[9]

2. Yeomans argues that trial counsel provided ineffective assistance. He contends that trial counsel failed to object on confrontation clause grounds to the phone call in which Blanken stated that Yeomans would sell the methamphetamine to Westberry. Blanken did not testify at trial.

> To succeed on a claim that counsel was constitutionally ineffective, [Yeomans] must show both that his attorney's performance was deficient, and that he was prejudiced as a result. Under the first prong of this test, counsel's performance will be found deficient only if it was objectively unreasonable under the circumstances and in light of prevailing professional norms. And under the second prong, prejudice is demonstrated only where there is a reasonable probability that, absent counsel's errors, the result of the trial would have been different. . . . Failure to satisfy either prong of the test is sufficient to defeat a claim of ineffective assistance, and it is not incumbent upon this Court to examine the other prong. And although both the performance and prejudice components of an ineffectiveness inquiry involve mixed

---

"in any amount").

[9] (Citation and punctuation omitted.) *Sloans v. State*, 360 Ga. App. 256, 258 (1) (a) (861 SE2d 130) (2021).

6

questions of law and fact, a trial court's factual findings made in the course of deciding an ineffective assistance of counsel claim will be affirmed by the reviewing court unless clearly erroneous.[10]

"The Confrontation Clause imposes an absolute bar to admitting out-of-court statements in evidence when they are testimonial in nature, and when the defendant does not have an opportunity to cross-examine the declarant. A statement is testimonial if its primary purpose was to establish evidence that could be used in a future prosecution."[11] Examples of testimonial statements include deposition testimony, non-emergency police interrogation, and prior court testimony.[12]

However, "statements by a coconspirator made during and in furtherance of the conspiracy are not considered 'testimonial' and therefore do not require any constitutional scrutiny under the Confrontation Clause."[13] Here, Blanken made the

---

[10] (Citation and punctuation omitted.) *Williams v. State*, 358 Ga. App. 152, 154-155 (853 SE2d 383) (2021).

[11] (Citations and punctuation omitted.) *McCord v. State*, 305 Ga. 318, 321 (2) (a) (825 SE2d 122) (2019).

[12] See *Davis v. Washington*, 547 U. S. 813, 825-827 (III) (A) (126 SCt 2266, 165 LE2d 224) (2006).

[13] (Citation and punctuation omitted.) *Favors v. State*, 296 Ga. 842, 845 (2) (770 SE2d 855) (2015).

statements to Westberry in furtherance of a conspiracy between Blanken and Yeomans to sell methamphetamine. We have held that such statements to informants or undercover agents are nontestimonial in nature because "[i]t cannot credibly be said that [Blanken] reasonably expected [her] statements to the [informant] arranging the purchase of methamphetamine would be available for use at a later trial."[14] Thus, there was no confrontation clause violation, and trial counsel's performance was not deficient for failing to make a meritless objection.[15]

For these reasons, we affirm the trial court's denial of Yeomans's motion for new trial.

*Judgment affirmed. Barnes, P. J., and Land, J., concur*.

---

[14] *Toney v. State*, 304 Ga. App. 25, 28 (2) n.16 (695 SE2d 355) (2010); see *Bowden v. State*, 279 Ga. App. 173, 180 (4) (630 SE2d 792) (2006) (holding that a coconspirator's "statements to the informant during a criminal enterprise were undisputedly nontestimonial in nature").

[15] See *Sawyer v. State*, 308 Ga. 375, 383 (2) (a) (839 SE2d 582) (2020).